## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMANDO A. SAMMARTINO and THERESE | : |
| SAMMARTINO, his wife | : |
| 1604 Dennis Avenue | : |
| Silver Spring, MD  20902 | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. |
| | : |
| AC & R INSULATION CO., INC. | : |
| Serve:  Geoffrey S. Gavett, Esq. | : |
| Gavett & Datt | : |
| 15850 Crabbs Branch Way, #180 | : |
| Rockville, MD  20855 | : |
| | : |
| A.W. CHESTERTON, CO. | : |
| Serve:  President | : |
| Rte. 93, Middlesex Industrial Park | : |
| Stoneham, MA  02180 | : |
| | : |
| BALTIMORE AIRCOIL COMPANY, INC. | : |
| Serve:  The Corporation Trust, Inc. | : |
| 300 E. Lombard Street | : |
| Baltimore, MD  21202 | : |
| | : |
| CERTAINTEED CORP. (Individually and as | : |
| successor to Keasbey & Mattison | : |
| Company's Asbestos Cement Pipe Division) | : |
| Serve: President | : |
| P. O. Box 860 | : |
| 750 East Swedesford Road | : |
| Valley Forge, PA  19482 | : |
| | : |
| GARLOCK, INC. | : |
| Serve:  President | : |
| 1666 Division Street | : |
| Palmyra, NY  14522 | : |

1

:

KRAFFT-MURPHY COMPANY (and as successor :
to National Asbestos Co.)                    :
Serve:  Neil MacDonald, Esq.                 :
        Hartel, Kane, DeSantis,              :
           MacDonald & Howie, LLP            :
        Calverton Office Park                :
        11720 Beltsville Drive, Ste. 500     :
        Beltsville, MD  20705                :
                                             :
METROPOLITAN LIFE INSURANCE, CO.             :
Serve:  President/CEO                         :
        1 Madison Avenue                     :
        New York, NY  10010                  :
                                             :
NOLAND CO.                                   :
Serve:  Arthur P. Henderson, Jr.             :
        2700 Warwick Boulevard               :
        Newport News, VA 23607               :
                                             :
OWENS ILLINOIS, INCORPORATED                 :
Serve:  President/CEO                         :
        One Seagate                          :
        Toledo, OH  43666                    :
                                             :
RAPID AMERICAN CORP.                         :
Successor in interest to the                 :
Phillip Carey Corp.                          :
Serve:  CSC                                  :
        2711 Centerville Road, Suite 400     :
        Wilmington, DE  19808                :
                                             :
THOS. SOMERVILLE CO.                         :
Serve:  President                            :
        Thos. Somerville Co.                 :
        4900 6th Street, N.E.                :
        Washington, D.C.  20017              :
                                             :
THE WALTER CAMPBELL COMPANY, INC.            :
Serve:  Michael C. Gibbons                   :
        361 Berkshire Drive                  :
        Riva, MD  21140                      :
                                             :

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Krafft-Murphy Company (hereinafter "Krafft-Murphy"), joined and/or consented to by all Defendants properly sued and served in the civil action filed in the Superior Court for the District of Columbia, case no. 2008 CA 003352 A, pursuant to 28 U.S.C. §1441 and §1446, hereby note the removal of this action to the United States District Court for the District of Columbia. Removal is based on Federal Question under 28 U.S.C. §1331, namely that of federal enclave jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. §457. Removal of this matter based on federal question jurisdiction is proper because several of the job sites at issue in this matter – the White House, Soldiers' Home, The Smithsonian Institution, U.S. Capital Power Plant, Washington D.C. VA Medical Center, and Walter Reed Army Medical Center and Ronald Reagan Washington National Airport – are under federal enclave jurisdiction.

In support thereof, Defendant Krafft-Murphy states the following:

### I. BACKGROUND

Plaintiffs filed their complaint in the Superior Court of the District of Columbia on or around May 1, 2008, alleging occupational exposure of Plaintiff Armando Sammartino to asbestos-containing materials. See Exhibit 1. Prior to service of the complaint on Krafft-Murphy, on or about May 6, 2008, Krafft-Murphy received an e-mail correspondence from Daniel Brown, Plaintiffs' Counsel, relaying discovery materials which included a document titled "Armando Sammartino - Work History" (hereinafter "Work History Chart") which contained the

purported work history of Plaintiff Armando Sammartino (hereinafter "Plaintiff" or "Mr. Sammartino") in the above-captioned matter.  This Work History Chart listed job sites at issue where exposure to asbestos-containing materials is alleged.  Among those job sites were the White House, Soldiers' Home, Smithsonian Institution, Ronald Reagan Washington National Airport, U.S. Capital Power Plant, Washington, D.C. VA Medical Center  and Walter Reed Army Medical Center, which are all exclusive federal enclave job sites.  See Exhibit 2.  This Work History Chart constitutes Krafft-Murphy's first notice that some of the alleged exposure to asbestos-containing materials potentially occurred on exclusive federal enclaves.  Subsequent to Plaintiffs' correspondence attaching the Work History Chart, Krafft-Murphy was served with Plaintiffs' Complaint on May 14, 2008.

Thus, pursuant to 28 U.S.C. §1441 and §1446, Defendant Krafft-Murphy files this Notice of Removal on the basis of a Federal Question under 28 U.S.C. §1331, namely that of federal enclave jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. § 457.

## II.  JOB SITES

Numerous federal enclave sites are at issue in this case.  Among those sites are the White House, Soldiers' Home, Smithsonian Institution, Ronald Reagan Washington National Airport, U.S. Capital Power Plant, Washington, D.C. VA Medical Center  and Walter Reed Army Medical Center, which are all exclusive federal enclave job sites.  See Exhibit 2.

### A.  White House

"For two hundred years, the White House has stood as a symbol of the Presidency, the United States government, and the American people." www.whitehouse.gov (last visited June 2,

4

2008). In accordance with it's historical and governmental significance, the White House is an exclusive federal enclave. In December 1790, President George Washington signed an Act of Congress declaring that the federal government would reside in a district "not exceeding ten miles square...on the river Potomac." President Washington and city planner Pierre L'Enfant, chose the site for the "President's House." Construction of the White House began in 1792 but it was not completed until approximately 1800. President Theodore Roosevelt officially gave the White House its current name in 1901. Pursuant to 3 U.S.C. §102, the President is entitled to "the use of the furniture and other effects belonging to the United States and kept in the Executive Residence at the White House." 3 U.S.C. §102.

**B.    Soldiers' Home**

The Old Soldiers' Home, now known as the U.S. Soldiers' and Airmen's Home (hereinafter Soldiers' Home), is an exclusive federal enclave located in Washington, D.C. In 1851, the land which forms the core of Soldiers' Home was purchased by the U.S. Government to establish an "asylum for old and disabled veterans." www.defenselink.mil. (last visited June 2, 2008). Two of the buildings on this site, Quarters 1 and Anderson Cottage, served as the summer White House for several U.S. Presidents. During the Civil War, President Abraham Lincoln lived at Soldiers' Home in what is now called Anderson Cottage. It was here that President Lincoln wrote the last draft of the Emancipation Proclamation. Today, this 320 acre facility is home to nearly 1,300 veterans and is a perfect example of "The Military Taking Care of Its Own." Id.

C.    **Smithsonian Institution**

The Smithsonian Institution is an exclusive federal enclave. James Smithson established

the Smithsonian Institution, situated in Washington, D.C., as a result of a bequest in 1826.

Smithson, a British citizen and scientist, who died in 1829, named his nephew as beneficiary in

his last Will and testament. He stipulated that if the nephew would die without heirs (as he did in

1835), the estate should go to the United States of America for the following purpose:

> to found at Washington, under the
> name of the Smithsonian Institution,
> an establishment for the increase and
> diffusion of knowledge among men.

Six years after Smithson's death, President Andrew Jackson announced the bequest to

Congress. On July 1, 1836, Congress accepted the legacy bequeathed to the nation. In September,

1838, it was determined that Smithson's legacy, consisting of gold sovereign's re-coined at the

Philadelphia mint to U.S. currency, was worth over $500,000.

Eight years later, an Act of Congress, signed by President Polk on August 10, 1846,

established the Smithsonian Institution as a trust to be administered by a Board of Regents and a

Secretary of the Smithsonian. 20 U.S.C. §41. Ch.178, Sec.1, 9 Stat. 102. http://www.si.edu (last

visited May 28, 2008).   The General Service Administration lists the Old Smithsonian building

among those facilities on its building inventory. http://www.iolp.gsa.gov (last visited May 28,

2008).

Certain rules and regulations concerning the operation and security of the Smithsonian

Institution are codified at 40 U.S.C.A. §6301, et seq.  Unlawful activities on museum grounds, as

prescribed by statute, include the unauthorized sale of any article, the unauthorized displaying of

any sign, placard or other form of advertisement or the unlawful soliciting of alms, subscriptions

6

or contributions. 40 U.S.C.A. §6303. Regarding building security, certain Smithsonian officials

may also designate certain employees as special police for their respective specified buildings

and grounds, who will wear uniforms and have certain powers. 40 U.S.C.A. §6306.


**D.    U.S. Capitol Power Plant**

The Capitol Power Plant is part of the exclusive federal enclave site known as the United

States Capitol Complex. The United States Capitol Complex is comprised of various federal

government buildings including the "Capitol, the House and Senate Office Buildings, the U.S.

Botanic Garden, the Capitol Grounds, the Library of Congress buildings, the Supreme Court

Building, the Capitol Power Plant and various support facilities." www.aoc.gov/cc/index.cfm

(last visited May 28, 2008). In 1904, the construction of the Capitol Power Plant was authorized

by Congress. Id. See also 2 U.S.C. §2162. Authorization of the construction of the Capitol

Power Plant and miscellaneous management and operational guidelines are set forth under 2

U.S.C. §2162.


**E.    National Airport**

In 1938, President Franklin D Roosevelt selected the site for the National Airport, now

known as Ronald Reagan Washington National Airport (hereinafter "National Airport"). For the

next several decades, including the time period in which Plaintiff claims exposure to asbestos-

containing products, the National Airport was owned and operated by the U.S. Government. In

1986, a Bill was passed transferring the operation of National Airport to the Metropolitan

Washington Airports Authority. However, the U.S. Government still owns the facility.

http://www.mwaa.com. (last visited May 28, 2008). Furthermore, the General Service Administration lists the Ronald Reagan Washington National Airport among those facilities on its building inventory. http://www.iolp.gsa.gov (last visited June 2, 2008).

**F.    VA Hospital (Washington, D.C.)**

The VA Hospital in Washington, D.C., known as Washington, D.C. Veterans Affairs Medical Center (hereinafter VA Medical Center), is a federal enclave. The VA Medical Center is part of the Veterans Affairs Capitol Health Care Network and operates under the U.S. Department of Veterans Affairs. http://www1.va.gov.  The Veterans Health Administration of the U.S. Department of Veterans Affairs provides medical care for veterans through various VA Medical Centers, including the VA Medical Center in Washington, D.C. 38 U.S.C. §7301 et seq.. Additionally, the procurement of medical facilities, such as the VA Medical Center, and operational guidelines for such facilities are set forth under 38 U.S.C. §8301 et seq.

**G.    Walter Reed Army Medical Center**

The Walter Reed Army Medical Center (hereinafter "Walter Reed") is a federal enclave facility.  Construction of Walter Reed, formerly known as Walter Reed General Hospital, was authorized through Congressional legislation and on May 1, 1909, the Hospital admitted its first patients. The hospital's capacity grew significantly during World War I and through World War II, Korea and Vietnam, the facility treated hundreds of thousands of soldiers.  Today, Walter Reed continues "to serve the military community from the Washington area and around the world." www.wramc.army.mil. (last visited June 3, 2008).

## III. LEGAL ARGUMENT

Pursuant to 28 U.S.C. §1441 and §1446, Defendant Krafft-Murphy files this Notice of

Removal on the basis of a Federal Question under 28 U.S.C. 1331, namely that of federal enclave

jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. §457.

Under 28 U.S.C. §1331, the United States District Court has original jurisdiction in this

matter. Original jurisdiction is proper under 28 U.S.C. §1331, which grants "original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States, to the

United States District Courts."

Federal enclave jurisdiction is a specific type of federal question jurisdiction arising under

28 U.S.C. §1331. Art. I. §8, cl. 17 of the U.S. Constitution grants to Congress the power:

> "To exercise exclusive Legislation in all Cases whatsoever .
> . . over all Places purchased by the Consent of the
> Legislature of the State in which the Same shall be, for the
> Erection of Forts, Magazines, Arsenals, Dock-Yards, and
> other needful Buildings;"

When Congress exercises this authority, federal enclaves are created "within which the United

States has exclusive jurisdiction." Akin v. Ashland Chemical, 156 F.3d 1030, 1034 (10th Cir.

1998), citing Mater v. Holley, 200 F.2d 123, 124-25 (5th Cir. 1952). As a result, "[p]ersonal

injury actions which arise from incidents occurring in federal enclaves may be removed to federal

district court on the basis of federal question jurisdiction. Akin, supra, 156 F.3d at 1034, citing

Mater, supra, 200 F.2d at 124-25.

In Akin. v. Big Three Industries, Inc., et al., 851 F. Supp. 819 (E.D. Tex. 1994), a case

similar to this matter, federal enclave jurisdiction was upheld as proper. In Akin, as employees of

Tinker Air Force Base ("Tinker") in Oklahoma City, Oklahoma, Plaintiffs alleged chemical exposure while working on jet engines manufactured for the United States Air Force and brought negligence and strict products liability claims against various manufacturers. In their discovery responses, Plaintiffs acknowledged that their alleged chemical exposure occurred "on base" – performing all of their work on those jet engines at Tinker. In denying Plaintiffs' Motion to Remand, the court held "in a toxic exposure case such as this, when the plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their employment duties, enclave jurisdiction is properly invoked."

Similarly, in connection with Plaintiff Sammartino's employment with several plumbing contractors, Mr. Sammartino claims that he was allegedly exposed to asbestos-containing materials while working at federal enclave job sites during the course of his employment with those plumbing contractors. According to Plaintiffs' "Work History" sheet, those federal enclave job sites include: U.S. Capitol Power Plant in Washington, D.C. while employed by Maurice R. Colbert Co., Inc.; National Airport in Virginia while employed by R.M. Thornton, Inc.; the VA Hospital, Smithsonian Institution, Walter Reed, Soldiers' Home, and White House in Washington, D.C. while employed by R.M. Thornton, Inc.. See Exhibit 2, supra.

It is notable that the majority of the federal enclave sites at issue are within the District of Columbia. In ITEL Corp. v. District of Columbia, 448 A. 2d 261 (D.C. App., 1982), the court affirmed the trial court's ruling which affirmed the Tax Division's Order denying a refund to ITEL where the sole issue was whether the District of Columbia personal property tax is applicable to a privately owned personalty located on federally – owned land in the District. In so doing, the court wrote the "District of Columbia is treated differently from federal enclaves

10

within state boundaries, such as various military bases. Within state boundaries, federal enclaves

are owned by the federal government and purchased with the consent of the state legislature.

States may withhold consent and thereby retain jurisdiction. In contrast, *all* parts of the District

of Columbia are within exclusive Congressional jurisdiction, regardless of whether they are

privately or federally-owned." Id.

Furthermore, the U.S. District Court also has "original jurisdiction" over action involving

federal enclaves, including the instant case, on the basis of 16 U.S.C. § 457, which provides the

following:

> *Action for death or personal injury within national park*
> *or other place under jurisdiction of the United States;*
> *application of State laws.* In case of the death of any person
> by the neglect or wrongful act of another within a national
> park or other place subject to the exclusive jurisdiction
> of the United States, within the exterior boundaries of any
> State, such right shall exist as though the place were under
> the jurisdiction of the State within whose exterior boundaries
> such place may be; in any such place the rights of the parties
> shall be governed by the laws of the State within the exterior
> boundaries of which it may be. (Feb. 1, 1928, c. 15, 45 Stat. 54).

Pursuant to 16 U.S.C. § 457, federal courts are explicitly granted jurisdictional authority over

death and personal injury claims arising in federal enclaves. Stokes v. Adair, 265 F. 2d. 662, 665-

66 (4th Cir. 1959). The laws of the state that are assimilated under § 457 "lose their character as

laws of the state and become laws of the Union," thereby providing an independent basis for

federal jurisdiction independent of the "arising under federal law" provision of 28 U.S.C. § 1331.

Id.

## IV.  CONCLUSION

Accordingly, removal of the above-caption matter to the United States District Court for the District of Columbia is proper on the basis of a Federal Question under 28 U.S.C. 1331, namely that of federal enclave jurisdiction, as well as jurisdiction conferred pursuant to 16 U.S.C. §457.

All other Defendants properly sued and served in the District of Columbia action join and/or consent to this Notice of Removal.  Copies of the forms executed by all other Defendants properly sued and served in the State court action are attached. See Exhibit 3.

Defendant Krafft-Murphy reserves the right to amend this Notice of Removal. Defendant Krafft-Murphy also reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

As required by 28 U.S.C. §1446(a), true and correct copies "of all process, pleadings, and orders which have been served upon" Krafft-Murphy in the District of Columbia lawsuit that is being removed, as of June 4, 2008, will be filed within thirty (30) days of the filing of this Notice of Removal. Such process, pleadings, and orders that are not already attached as exhibits will be filed separately with the Certification of Filing of State Court Papers.


WHEREFORE, Defendant Krafft-Murphy Company, joined and/or consented to by all other Defendants properly sued and served in the District of Columbia action, pray this action be removed to this Court.

12

Respectfully Submitted,

HARTEL, KANE, DESANTIS,
MACDONALD, & HOWIE, LLP

_Neil J MacDonald, Esq._

Neil J. MacDonald, Esq.
Bar No. 433699
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705
Phone: (301)486-1200
Facsimile: (301) 486-0935
nmacdonald@hartelkane.com

Attorneys for Defendant
KRAFFT-MURPHY COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2008, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following counsel of record:

Daniel A. Brown , Esquire
BROWN & GOULD, LLP
7700 Old Georgetown Rd., Suite 500
Bethesda, Maryland 20814
(301) 718-4548
*Attorney for Plaintiffs*

Katherine S. Duyer, Esquire
Gavett & Datt, P.C.
15850 Crabbs Branch Way,
Suite 180
Rockville, MD 20855
*Attorneys for Defendant*
*AC&R Insulation Co., Inc.*

Keith R. Truffer, Esquire
Royston, Mueller, McLean & Reid

13

The Royston Building, #600
102 W. Pennsylvania Avenue
Towson, MD 21204
*Attorneys for Defendant*
*A.W. Chesterton Company*

Neil J. MacDonald, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie
11720 Beltsville Drive
Suite 500
Beltsville, MD 20705
*Attorneys for Defendant*
*Baltimore Aircoil Company, Inc.*

Vince J. Palmiotto, Esquire
Robin Silver, Esquire
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202
*Attorneys for CertainTeed Corporation*

Thomas P. Bernier, Esquire
Michelle Daugherty Siri, Esquire
Segal, McCambridge, Singer & Mahoney
One N. Charles Street
Suite 2500
Baltimore, MD 21201
*Attorneys for Defendant*
*Garlock Sealing Technologies, LLC*

Xan K. DeMarinis, Esquire
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036
*Attorneys for Defendant*
*Metropolitan Life Insurance Company*

Scott Phillips, Esquire
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201
*Attorneys for Defendant*
*Noland Company*

14

Steven A. Luxton, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
*Attorneys for Defendant*
*Owens-Illinois, Inc.*

Ted Roberts, Esquire
Brian Zemil, Esquire
Venable LLP
210 Allegheny Avenue
Towson, MD 21285
*Attorneys for Defendant*
*Rapid American Corporation*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 E. Pratt Street
26th Floor
Baltimore, MD 21202
*Attorneys for Thos. Somerville Co.*

Richard Flax, Esquire
29 W. Susquehanna Avenue
Suite 500
Baltimore, MD 21204
*Attorneys for Defendant*
*Walter E. Campbell Co.*


Neil J. MacDonald

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Armando A. Sammartino and Therese Sammartino, his wife | AC&R Insulation Co., Inc., et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ 88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) _____ 88888 NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Daniel A. Brown, Esquire<br>Brown & Gould, LLP<br>7700 Old Georgetown Rd., Suite 500<br>Bethesda, Maryland 20814<br>(301) 718-4548 | Neil J. MacDonald, Esquire<br>Hartel, Kane, DeSantis, MacDonald & Howie, LLP<br>11720 Beltsville Drive, Suite 500<br>Beltsville, Maryland 20705<br>Attorneys for Kraft-Murphy Company and Baltimore Aircoil Company, Inc.<br><br>SEE OTHER DEFENDANTS LISTED ON COMPLAINT (Exhibit 1) and SERVICE LIST |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☒ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §1441 - Defendant Krafft-Murphy files Notice of Removal based on 28 U.S.C. §1331, namely federal enclave jurisdiction and 16 U.S.C. 457

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ ⌐ - - - - - - ⌐ Check YES only if demanded in complaint<br>**JURY DEMAND:**   YES ☐   NO ☐ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE ____June 5, 2008____    SIGNATURE OF ATTORNEY OF RECORD    *Neil J. MacDonald / LMM*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

ARMANDO A. SAMMARTINO and THERESE       :
SAMMARTINO, his wife                     :
1604 Dennis Avenue,                      :
Silver Spring, MD 20902                  :
                                         :
          Plaintiffs,                    :
                                         :
v.                                       :
                                         :                    0003352-08
AC & R INSULATION CO., INC.              : Civil Action No.
Serve: Geoffrey S. Gavett, Esq.          :
       Gavett & Datt                     :
       15850 Crabbs Branch Way, #180     :
       Rockville, MD 20855               :
                                         :
A.W. CHESTERTON, CO.                     :
Serve: President                         :
       Rte. 93, Middlesex Industrial Park :
       Stoneham, MA  02180               :

RECEIVED
Civil Clerk's Office

MAY 0 1 2008

Superior Court of the
District of Columbia
Washington, D.C.

BALTIMORE AIRCOIL COMPANY, INC.          :
Serve: The Corporation Trust, Inc.       :
       300 E. Lombard Street             :
       Baltimore, MD 21202               :
                                         :
CERTAINTEED CORP. (Individually and as successor :
to Keasbey & Mattison Company's Asbestos Cement :
Pipe Division)                           :
Serve: President                         :
       P.O. Box 860                      :
       750 East Swedesford Road          :
       Valley Forge, PA  19482           :
                                         :
GARLOCK, INC.                            :
Serve: President                         :
       1666 Division Street              :
       Palmyra, NY  14522                :
                                         :

KRAFFT-MURPHY COMPANY                                    :
(and as successor to National Asbestos Co.)              :
Serve: Neil MacDonald, Esq.                              :
      Hartel Kane Desantis & Howie, LLP           :
      Capital Office Park                          :
      6301 Ivy Lane, Suite 800                     :
      Greenbelt, MD 20770                          :
                                                     :
METROPOLITAN LIFE INSURANCE, CO.                         :
Serve: President/CEO                                     :
      1 Madison Ave.                               :
      New York, NY 10010                           :
                                                     :
NOLAND CO.                                               :
Serve: Arthur P. Henderson, Jr.                          :
      2700 Warwick Boulevard                       :
      Newport News, VA 23607                       :
                                                     :
OWENS ILLINOIS, INCORPORATED                             :
Serve: President/CEO                                     :
      One Seagate                                  :
      Toledo, OH 43666                             :
                                                     :
RAPID AMERICAN CORP.                                     :
Successor in interest to the                             :
 Phillip Carey Corp.                                 :
Serve: CSC                                               :
      2711 Centerville Road, Suite 400             :
      Wilmington, DE 19808                         :
                                                     :
THOS. SOMERVILLE CO.                                     :
Serve: President                                         :
      Thos. Somerville Co.                         :
      4900 6th Street, N.E.                        :
      Washington, D.C. 20017                       :
                                                     :
THE WALTER E. CAMPBELL COMPANY, INC.                     :
Serve: Michael C. Gibbons                                :
      361 Berkshire Drive                          :
      Riva, MD 21140                               :
                                                     :
        Defendants.                              :

## COMPLAINT AND DEMAND FOR JURY TRIAL

### (Negligence, Strict Liability, Breach of Warranty,
### Punitive Damages, Aiding and Abetting
### and Civil Conspiracy, and Loss of Consortium)

1.     Jurisdiction of this Court is based on D.C. Code Ann. §11-921 (1981). Jurisdiction over the defendants rests on D.C. Code Ann. §13-423 (1981) based on their business activities in the District of Columbia and their acts or omissions causing injury to the male plaintiff within the District of Columbia.

2.     The male plaintiff, hereinafter referred to as "plaintiff", Armando A. Sammartino, was employed as a plumber from approximately 1948 to 1986, working primarily in and around the District of Columbia at jobsites where he was exposed to asbestos products. During this period of time, plaintiff frequently used and/or came into contact with asbestos and asbestos products designed, manufactured, specified, inspected, assembled, distributed, supplied and/or installed by the above-named defendants (hereinafter, individually and collectively "the defendants' asbestos products"). Because of this frequent contact with the defendants' asbestos products, plaintiff inhaled and ingested great quantities of asbestos fibers. As a result of this exposure, plaintiff has developed mesothelioma, asbestos-induced pleural disease and other related pulmonary problems.

### COUNT I
### (Negligence)

3.     The plaintiff hereby adopts by reference the preceding paragraphs of the complaint as if fully set forth herein and further alleges that plaintiff's development of mesothelioma, asbestos-induced pleural disease and other related pulmonary problems was a direct and proximate result of the negligence of the defendants named herein in their design, manufacture, inspection, production, testing, distribution, specification, supply and/or installation and labeling of asbestos-containing materials and products, including, but not limited to, negligence in:

a.     failing to adequately warn the plaintiff of the hazards associated with the inhalation of asbestos fibers;

b.     failing to adequately warn the plaintiff that protective equipment should be used at all times when working with products containing asbestos;

        c.       failing to properly design and manufacture asbestos products for safe use under the conditions of use that were reasonably anticipated;

        d.       failing to properly test the asbestos products for hazards prior to placing these goods in the stream of commerce;

        e.       failing to provide adequate instructions for safe and proper use of asbestos products;

        f.       failing to remove asbestos products from the stream of commerce even after the defendants knew, or in the exercise of reasonable care, should have known, that these products were unsafe for use by consumers or workers under reasonably anticipated circumstances and/or any circumstances; and

        g.       failing to specify the use of non-asbestos containing substitute products.

    4.      As a direct and proximate result of the negligence of the defendants named herein, the plaintiff has developed mesothelioma, asbestos-induced pleural disease and other related pulmonary problems. Such potentially fatal injuries have caused the plaintiff's permanent total and/or permanent partial disability, and plaintiff has suffered and will continue to suffer extreme physical pain and discomfort, as well as great mental anguish. Moreover, as a result of the debilitating injuries, the plaintiff has incurred and/or may incur substantial expenses for medical care and treatment.

    5.      As a further direct and proximate result of the negligence of the defendants herein, the plaintiff has suffered and will continue to suffer a loss of wages and/or wage-earning capacity and will continue to suffer great pecuniary loss in the future.

    WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

## COUNT II
### (Strict Liability)

6.    Plaintiff adopts and incorporates by reference all relevant allegations contained in the
preceding paragraphs of this Complaint as if fully set forth herein, and further alleges that the illness,
injury, and damages which he suffered were a direct and proximate result of the design, manufacture,
specification, inspection, sale, supply and/or distribution of asbestos-containing products, by the
defendants named herein, which were defective and/or unreasonably dangerous to the user and/or
consumer.  The asbestos-containing products were defective and/or unreasonably dangerous in that
they contained deleterious, toxic and carcinogenic asbestos fibers and because the products lacked
any or adequate warnings about the hazards they posed.  The asbestos-containing products were
further designed as defective and/or unreasonably dangerous in that their intended use and
maintenance contemplated that the asbestos materials would be disturbed, releasing inhalable
asbestos fibers, and the product manuals or specification data specified replacement, from time to
time, of worn out or damaged asbestos materials.  The defendants named above are now or have been
engaged in the business of designing, manufacturing, selling, inspecting, specifying in use and/or
distributing asbestos-containing products.  The asbestos products that caused injury to plaintiff
reached him without substantial change in the condition in which they were sold.  Plaintiff was
unaware of the dangerous propensities of the asbestos products which rendered them unsafe and unfit
for their intended use, and at the time he used these products, such use was anticipated by or should
reasonably have been anticipated by the defendants.

7.    As a direct and proximate result of the strict liability of the defendants herein, the
plaintiff has developed mesothelioma, asbestos-induced pleural disease and other related pulmonary
problems.  Such injuries have caused the plaintiff's permanent total and/or permanent partial
disability, and plaintiff has suffered and will continue to suffer extreme physical pain and discomfort,
as well as great mental anguish.  Moreover, as a result of the debilitating injuries, the plaintiff has
incurred and/or may incur substantial expenses for medical care and treatment.

8.    As a further direct and proximate result of the strict liability of the defendants herein,
the male plaintiff has suffered and will continue to suffer a loss of wages and/or wage-earning
capacity and will continue to suffer great pecuniary loss in the future.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

## COUNT III
### (Breach of Warranty)

9.     Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein, and further alleges that the illness, injury, and damages from which he suffers are a direct and proximate result of the breach of express warranties made by the defendants herein, in that the asbestos products used by the plaintiff were expressly warranted as safe, and the plaintiff relied upon these express warranties of the defendants. However, the asbestos products as designed, manufactured, specified, inspected and distributed by the defendants herein were not safe for use by the plaintiff, but rather caused the disabling and potentially fatal injuries from which he now suffers.

10.     The illness, injury, and damages from which the plaintiff now suffers are a direct and proximate result of the breach of the implied warranty of fitness made by the defendants herein, in that the asbestos products used by the plaintiff were impliedly warranted by the defendants to be fit for their intended purposes and uses, and the plaintiff relied upon the defendants' skill and judgment and the implied warranties made by the defendants. However, the asbestos products as designed, manufactured, and distributed by the defendants herein were not fit for use of their intended purposes, but rather caused the disabling and potentially fatal injuries from which plaintiff now suffers.

11.     The illness, injury, and damages from which the plaintiff now suffers are a direct and proximate result of the breach of the implied warranty of merchantability made by the defendants named herein, in that the asbestos products used by the plaintiff were impliedly warranted by the defendants to be of merchantable quality, fit, safe, and in proper condition for the ordinary use for which asbestos products are designed and used, and the plaintiff relied upon the defendants' skill and judgment and the implied warranty of merchantability made by the defendants. However, the asbestos products as designed, manufactured, specified, inspected and distributed by the defendants named herein were unfit, unsafe, and unusable for the purposes for which they were intended, but rather caused the disabling and potentially fatal injuries suffered by the plaintiff.

12.     As a direct and proximate result of the breaches of warranty of the defendants named herein, the plaintiff has developed mesothelioma, asbestos-induced pleural disease and other related

pulmonary problems. Such injuries have caused the plaintiff's permanent total and/or permanent partial disability, and plaintiff has suffered and will continue to suffer extreme physical pain and discomfort, as well as great mental anguish. Moreover, as a result of the debilitating injuries, the plaintiff may incur substantial expenses for medical care and treatment.

13.    As a further direct and proximate result of the breach of warranty of the defendants herein, the plaintiff has suffered and will continue to suffer a loss of wages and/or wage-earning capacity and will continue to suffer great pecuniary loss in the future.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

## COUNT IV
### (Punitive Damages)

14.    Plaintiff hereby adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein, and further alleges that the illness, injury, and damages which he suffered were a direct and proximate result of the conduct of the defendants named herein, either by clear and convincing acts of commission or omission, which were intentional and/or so reckless, willful, and wanton in nature as to rise to the level of intentional action by the defendants, exhibiting reckless indifference to the health and well-being of the plaintiff and other similarly situated workers, and in reckless disregard for the consequences the defendants knew or should have known would result from their actions.

15.    The illness, injury, and damages suffered by the plaintiff were a direct result of the conduct on the part of the defendants that amounted to fraudulent representation concerning the safety of working in an environment containing asbestos fibers, such representation having been made despite defendants' knowledge that these products and this work environment were wholly unsafe, dangerous, and hazardous to the health of the plaintiff and/or similarly-situated workers.

WHEREFORE, plaintiff demands judgment for punitive damages against all defendants, jointly and severally, in the full and just amount of Thirty Million Dollars ($30,000,000.00), plus interest and costs.

## COUNT V
### (Aiding and Abetting and Civil Conspiracy
### as to Defendant Metropolitan Life Insurance Company)

16.     Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

17.     Metropolitan Life Insurance Company, by various means encouraged, aided and abetted, and knowingly provided substantial assistance to the tortfeasor manufacturers, sellers, distributors, suppliers (hereafter "the direct perpetrators") whose asbestos products were substantial contributing factors to the development of plaintiff's mesothelioma and/or other asbestos-related injuries, diseases and conditions.

18.     The defendants, each and all of them, by various means agreed between and among themselves to engage and participate in the tortious conduct described above in the preceding counts of this Complaint.

19.     Metropolitan Life Insurance Company encouraged, aided and abetted, and knowingly provided substantial assistance to the direct perpetrators of the tortious conduct described herein, with knowledge of their role in that tortious conduct, in the following and other ways: in the concealment, alteration, manipulation and suppression of knowledge and information about the dangers and health hazards of asbestos; in the publication of misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; in the publication, use and dissemination of fake, misleading, fraudulent and incorrect statements about asbestos-containing products being "non-toxic," safe, not dangerous, not hazardous, contributing to the well-being of workers; in the decisions made by various direct perpetrators of the injuries to plaintiff not to test, study, research or investigate the dangers and health hazards of their asbestos-containing products; in deciding not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos-containing products; in efforts to prevent the United States government and its employees, agencies, departments and organizations from taking steps to do research and publish on the dangers of asbestos and to restrict, ban, reduce, eliminate or regulate the use of asbestos-containing products.

20.     Metropolitan Life Insurance Company agreed and conspired in furtherance of a common scheme in the following and other ways: in the concealment, alteration, manipulation and

suppression of knowledge and information about the dangers and health hazards of asbestos; in the publication of misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; in the publication, use and dissemination of fake, misleading, fraudulent and incorrect statements about asbestos-containing products being "non-toxic," safe, not dangerous, not hazardous, contributing to the well-being of workers; in the decisions made by various direct perpetrators of the injuries to plaintiff not to test, study, research or investigate the dangers and health hazards of their asbestos-containing products; in deciding not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos-containing products; in efforts to prevent the United States government and its employees, agencies, departments and organizations from taking steps to do research and publish on the dangers of asbestos and to restrict, ban, reduce, eliminate or regulate the use of asbestos-containing products.

21.    As a direct and proximate result of the unlawful and tortious conduct engaged in by the direct perpetrators and Metropolitan Life Insurance Company, plaintiff has developed mesothelioma, asbestos-induced pleural disease and other related pulmonary problems. Such injuries have caused the plaintiff's permanent total and/or permanent partial disability, and plaintiff has suffered and will continue to suffer extreme physical pain and discomfort, as well as great mental anguish. Moreover, as a result of the debilitating injuries, the plaintiff has incurred and/or may incur substantial expenses for medical care and treatment.

22.    As a further direct and proximate result of the tortious conduct of the direct perpetrators and Metropolitan Life Insurance Company herein, the male plaintiff has suffered and will continue to suffer a loss of wages and/or wage-earning capacity and will continue to suffer great pecuniary loss in the future.

WHEREFORE, the plaintiff demands judgment against Metropolitan Life Insurance Company in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

## COUNT VI
### (Loss of Consortium)

23.    The female plaintiff, Therese Sammartino, adopts by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein, and further asserts that she is the wife of the male plaintiff.

24.    As a direct and proximate result of the negligence, strict liability, breaches of warranty of the defendants herein, the female plaintiff has incurred and/or may incur substantial expenses for the medical care and treatment of her husband, and has suffered and will continue to suffer the loss of consortium, society, and companionship of her husband.

WHEREFORE, the female plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Twenty Million Dollars ($20,000,000.00), plus interest and costs.

Respectfully submitted,

Daniel A. Brown (Bar No. 444772)

BROWN & GOULD, LLP
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland 20814
(301) 718-4548
Attorney for Plaintiff

JURY TRIAL REQUESTED:

Daniel A. Brown

# Exhibit 2

## ARMANDO SAMMARTINO – WORK HISTORY

| Date | Employer | Occupation/Trade | Sites | Products | Coworkers |
|---|---|---|---|---|---|
| 1941-1943 | Dunny Welding, Youngstown, OH | Certified welder | | | |
| 1943-1946 | U.S. Army/Military Service | | | | |
| 1946-1948 | Self-employed | Auto repairman, motor and body work | | | |
| 1948-1958 | Stewart Bainum Co., Washington, DC | Mechanical contractor: apprentice, journeyman, foreman | | | |
| 1958-1961 | R.M. Thornton, Inc., Washington, DC | Mechanical contractor: assistant project manager | | | |
| 1961-1964 | Maurice R. Colbert Co., Inc., Washington, DC | Mechanical contractor: superintendent | U.S. Capitol Power Plant | Baltimore Aircoil Cooling Tower - installed new cooling tower | |
| 1964-1969 | R.M. Thornton, Inc., Washington, DC | Mechanical contractor: project superintendent | German Embassy<br>VA Hospital, Washington, DC<br>Nat'l Academy of Science<br>American Pharmaceutical Co.<br>Smithsonian<br>Soldiers' Home (entire maintenance section, including a substation for electrical power) | Sprayed Limpet asbestos | |
| 1958-1961 or 1964-1969 | R.M. Thornton, Inc. Washington, DC | Mechanical contractor: Assistant project mgr or project superintendent | 19th & T Holly House<br>Children's Hospital | Canadian Asbestos<br>Eagle Picher 66<br>Eagle Picher One Coat<br>Owens-Corning Kaylo<br>Vermont Asbestos<br>Contractor: AC&R | Elmer Gibson |

| Date | Employer | Occupation/Trade | Sites | Products | Coworkers |
|------|----------|------------------|-------|----------|-----------|
| 9/1969-10/1970 | Nash M. Love Associates Washington, DC. | Mechanical contractor: Project manager | Columbia Women's Hospital | Eagle Picher Cement JM Blue Mud Owens-Corning Kaylo Block Owens-Corning Kaylo P/covering Contractor: AC&R | Arthur Anderson |
| | | | Mayflower Hotel | Carey Mud JM Blue Mud Contractor: AC&R | John Kutsos |
| | | | National Airport | Carey Mud JM Blue Mud Eagle Picher One Coat Owens-Corning Kaylo Ruberoid Calcilite Contractor: AC&R | John Kutsos |
| | | | Prince George's County Hosp. | | |
| | | | Walter Reed | | |
| | | | White House | Carey Woolfelt JM 352 Cement JM Magnesia Pipecovering Contractor: AC&R | Lenoir Bradford |
| | | | Riggs National Bank, M Street, Washington, DC (mechanical and electrical renovation) | Eagle Picher Mud Owens-Corning Kaylo Contractor: Walter E. Campbell | James Wallace |
| | | | WMAL Radio & TV Studio | | |
| | | | National Gallery of Art | | |
| | | | Paul Mellon's private residence | | |
| | | | Int'l Monetary Fund | | |

| Date | Employer | Occupation/Trade | Sites | Products | Coworkers |
|---|---|---|---|---|---|
| 10/1970-1971 | Valliner Associates Washington, DC | Mechanical estimator | Army Times<br>Westchester Apartments | | |

## Neil MacDonald

| | |
|---|---|
| **From:** | Dan Brown [dbrown@brownandgould.com] |
| **Sent:** | Tuesday, May 06, 2008 1:35 PM |
| **To:** | Kathy Duyer; ktruffer@rmmr.com; Silver, Robin; Neil MacDonald; sburns@tydingslaw.com; sphillips@semmes.com; sluxton@morganlewis.com; richard.flax@zgf-law.com; xdemarinis@steptoe.com; tbernier@smsm.com; mkhill@venable.com |
| **Subject:** | RE: EVANS deposition 5/7/2008 |

**Attachments:** sammartino work history.pdf

folks - attached is work history. Kathy Duyer had the good idea of suggesting that everyone forward to me their cell phone numbers. Mr. Sammartino is in bad shape and if tomorrow is untenable for him i will call as soon as i know. otherwise - we will be moving forward. i have explained to Kathy what i have discussed with most of you in terms of format. A brief de bene esse direct. off video for a brief cross for those defendants who believe it is necessary. back on video for cross on tape.
thanks again. call me with any questions at office or cell 301 526 8233.
Dan

---

**From:** Kathy Duyer [mailto:kduyer@gavettdatt.com]
**Sent:** Tuesday, May 06, 2008 11:20 AM
**To:** Dan Brown; ktruffer@rmmr.com; Silver, Robin; Neil MacDonald; sburns@tydingslaw.com; sphillips@semmes.com; sluxton@morganlewis.com; richard.flax@zgf-law.com; xdemarinis@steptoe.com; tbernier@smsm.com; mkhill@venable.com
**Subject:** RE: EVANS deposition 5/7/2008

Dan:
The defendants are entitled to do a discovery deposition prior to the dbe. I thought we were talking about a discovery deposition when we spoke yesterday. I think tomorrow should be the discovery deposition, to be followed by a dbe on another day. I assume that your client won't be able to withstand a lot of questions at one time due to his condition, so doing both depositions on the same day would probably not be a good idea.

Also, I need to know jobsites and dates in order to adequately prepare for the deposition. The work history you forwarded provides employers and the dates when he worked for those employers, but that isn't the information I need. I need to know which jobs he worked on and when, so that I can review other relevant documents or testimony about those jobs in advance of the deposition. Getting that information on the day of the deposition is not sufficient. If we are going to go forward with a deposition of Mr. Sammartino tomorrow, you need to provide a list of jobs and the dates during which he worked at those jobs before the end of today.

Typically the defense counsel won't agree to go forward with a plaintiff's deposition without complete Answers to Interrogatories and adequate time to prepare for the deposition in compliance with the court rules. Apparently no one has insisted on complete Answers to Interrogatories prior to Mr. Sammartino's deposition, and the time frame agreed to clearly doesn't comply with the rules. I think the defense counsel have been more than reasonable in agreeing to your requests. Please provide us with the facts that will allow us to adequately represent our clients.
Kathy

Katherine S. Duyer
Attorney
Gavett and Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855
www.gavettdatt.com
Tele: 301-948-1177
Fax: 301-948-4334
Email: kduyer@gavettdatt.com

This email message and any attachment to this email message contains confidential information belonging to the sender which is legally privileged and intended only for the use of the individual or entity named above. If you are not the intended recipient, you are requested to notify us by return email or by telephone at 301-948-1177 and to delete this email message and any attachments. Unauthorized disclosure, conversion to hard copy, copying, distribution, retransmission, or the taking of any action in reliance on the contents of this email message or any attachments to it is strictly prohibited and may violate Federal and state law.

**From:** Dan Brown [mailto:dbrown@brownandgould.com]
**Sent:** Monday, May 05, 2008 6:31 PM
**To:** ktruffer@rmmr.com; Silver, Robin; Neil MacDonald; sburns@tydingslaw.com; sphillips@semmes.com; sluxton@morganlewis.com; richard.flax@zgf-law.com; Kathy Duyer; xdemarinis@steptoe.com; tbernier@smsm.com; mkhill@venable.com
**Subject:** FW: EVANS deposition 5/7/2008

People: thank you for your consideration and cooperation in conjunction with this new, DC-filed mesothelioma case. The client, Armando Sammartino, is deteriorating rapidly. We have scheduled his de bene esse deposition (see below) for Wednesday at his home in Silver Spring. I have attached hereto a copy of the complaint. the case number is 08-3352. I will forward the summonses as soon as i receive them - should be tomorrow. also attached is work history information from the client and some key medical records. I will provide either later tonight or tomorrow more detailed work history information. thank you again for your cooperation. please call me with any questions at work 301 718 4548 or cell 301 526 8233.
Dan

**From:** Niels dejong [mailto:ndejong@evansreporting.com]
**Sent:** Monday, May 05, 2008 5:23 PM
**To:** Dan Brown
**Subject:** EVANS deposition 5/7/2008

Hi Mr. Brown,

This E-mail confirms that we have scheduled a reporter to take the following deposition(s) at the noted date(s), time(s), and place(s):

**Deponent**: Amando Sammartino (videotaped De Bene Esse)
**Case/Affected**: DC Mesothelioma
**Date**: 5/7/2008
**Time**: 10:00 a.m.
**Location**: His Residence, 1604 Dennis Avenue, Silver Spring, MD 20902
**Scheduling Attorney**: Dan Brown
**Notice: not** received
**Special instructions:** n/a

**Videographer needed:** YES scheduled

**Telephone Deposition:** not scheduled
　　　　　　　**Law Firm Toll Free number: Available upon request**
　　　　　　　**Participant Pin Code:**

Could you please review this information, and let us know if there are going to be any changes?

You can also confirm this deposition by responding to this Email with "confirmed." We are looking forward to working with you,

Kind greetings,

Niels

6/4/2008

*Niels de Jong*
*Office Manager*
*Evans Reporting Service*
*7 North Calvert Street*
*Suite 705*
*Baltimore, MD 21202*

*(410) 727-7100*
*Fax:  410-727-7210*
*ndejong@evansreporting.com*

# Exhibit 3

MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

www.tydingslaw.com

ATTORNEYS AT LAW
## TYDINGS & ROSENBERG LLP

JAIME WALKER LUSE
410.752.9741
jluse@tydingslaw.com

June 4, 2008

Helyna M. Haussler
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive, Suite 500
Greenbelt, MD 20705-3166

        Re:     **Armando Sammartino v. AC&R Insulation Co., Inc. et al.**

Dear Helyna:

        My firm represents Defendant Thos. Somerville Co. in the above-referenced matter.
Defendant Thos. Somerville Co. was served in this case on or about May 14, 2008.  While
reserving all defenses, including those relating to sufficiency of service, process, venue, and
personal jurisdiction, Defendant Thos. Somerville Co., having reviewed the Notice of Removal,
joins in, and consents to, the removal of the above-referenced case to the United States District
Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. §
457 jurisdiction.

                            Sincerely,

                            Jaime W. Luse

                            Jaime W. Luse

#863127v.1

# HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP

## ATTORNEYS AT LAW

Timothy E. Howie\* • †
Neil J. MacDonald\* • †
Michael A. DeSantis\* •
Deborah E. Kane\* • †
John W. Hartel\* • †

**Of Counsel:**
Michael P. Chervenak\* • †
Sharon M. Chambers\*

\*Maryland bar
•District of Columbia bar
†Virginia bar

CALVERTON OFFICE PARK
11720 BELTSVILLE DRIVE, SUITE 500
BELTSVILLE, MARYLAND 20705

5924 NORTH 15TH STREET
ARLINGTON, VIRGINIA 22205

TELEPHONE: (301) 486-1200
FACSIMILE: (301) 486-0935

WWW.HARTELKANE.COM

Writer's Direct Telephone: (301) 313-3262
Writer's E-mail Address: NMACDONALD@HARTELKANE.COM

Richard W. Souther• †
Helyna M. Haussler\* •
Rachelle A. Schofield\* •
Dana K. Schultz'
Laura M. Mayes' •
Tyler O. Prout †
Matthew W. Hurd'
Philip P. Kuljurgis†

June 4, 2008

Helyna M. Haussler, Esquire
Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705

Re:  Removal of Armando Sammartino, et ux. v. AC&R Insulation
     Co., Inc. et al.,
     Superior Court for the District of Columbia,
     Case No. 2008 CA 003352 A

Dear Ms. Haussler:

My firm represents Defendant Baltimore Aircoil Company, Inc. in
the above-referenced matter. Defendant Baltimore Aircoil Company,
Inc. was served in this case on May 15, 2008.  While reserving
all defenses, including those relating to sufficiency of service,
process, venue, and personal jurisdiction, Defendant Baltimore
Aircoil Company, Inc. joins in, and consents to, the removal of
the above-referenced case to the United States District Court for
the District of Columbia based on both federal enclave
jurisdiction and 16 U.S.C. § 457 jurisdiction.

Thank you very much for your attention to this matter.

Very truly yours,

Neil J. MacDonald

NJM/hmh

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Xan DeMarinis
202.610.2423
xdemarinis@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

June 3, 2006

**SENT VIA EMAIL**

Helyna M. Haussler, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive;  Suite 500
Beltsville, Maryland 20705

Re:    **Removal of Armando Sammartino, et ux. V. Insulation Co., Inc., et al.,**
       **Superior Court for the District of Columbia, Case No. 2008 CA 003352 A,**
       **Based on Federal Enclave Jurisdiction**

Dear Ms. Haussler:

My firm represents Defendant Metropolitan Life Insurance Company ("Metropolitan Life") in the above-referenced matter.  Metropolitan Life was served in this case on May 22, 2008.  While reserving all defenses, including those relating to the sufficiency of service, process, venue, and personal jurisdiction, Metropolitan Life joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Please do not hesitate to contact me if you have any additional questions or concerns regarding this matter.

With best regards,

Xan K. DeMarinis

Xan K. DeMarinis

# MILES & STOCKBRIDGE P.C.

**Vincent J. Palmiotto**
(410) 385-3858
vpalmiotto@milesstockbridge.com

June 2, 2008

Helyna M. Haussler, Esquire
Hartel, Kane, DeSantis, MacDonald &
    Howie, LLP
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705

> Re:     *Removal of Armando Sammartino, et ux. v. AC&R Insulation Co., Inc. et al.,*
>         *Superior Court for the District of Columbia, Case No. 2008 CA 003352 A*

Dear Ms. Haussler:

My firm represents Defendant CertainTeed Corporation in the above-referenced matter. Defendant CertainTeed was served in this case on May 16, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant CertainTeed Corporation joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

Vincent J. Palmiotto

VJP/mlh

# ROYSTON, MUELLER, McLEAN & REID, LLP

ATTORNEYS AT LAW

R. TAYLOR McLEAN
E. HARRISON STONE
WILLIAM F. BLUE
THOMAS E. McDONOUGH
LAUREL PARETTA REESE*
KEITH R. TRUFFER*
ROBERT S. HANDZO*
EDWARD J. GILLISS
JOHN W. BROWNING
TIMOTHY J. OURSLER
ROBERT G. BLUE
CRAIG P. WARD

LEANNE M. SCHRECENGOST
DAVID F. LUBY
JONATHAN M. HERBST
JAMES L. SHEA, JR.
MARTHA K. WHITE

SUITE 600
THE ROYSTON BUILDING
102 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4575

TELEPHONE 410-823-1800
FACSIMILE 410-828-7859
www.rmmr.com

OF COUNSEL
EUGENE W. CUNNINGHAM, JR., P.A.
H. EMSLIE PARKS*
BRADFORD G.Y. CARNEY
LISA J. McGRATH

COUNSEL EMERITUS
RICHARD A. REID

CARROLL W. ROYSTON
1913-1991

H. ANTHONY MUELLER
1913-2000

* ALSO ADMITTED IN D.C.

June 3, 2008

Helyna M Haussler, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705

> Re:    Armando Sammartino, et ux v. AC&R Insulation Co., Inc, et al
>        Superior Court for the District of Columbia
>        Case No.:  2008 CA 003352 A

Dear Ms. Haussler:

My firm represents Defendant, A. W. Chesterton Company ("Chesterton"), in the above referenced matter.  Defendant Chesterton was served in this case on June 2, 2008.   While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant Chesterton joins in, and consents to, the removal of the above referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. §457.

Sincerely,

Keith R. Truffer

KRT:ps
cc:    All Counsel
       Joseph F. Comenzo, Esquire

G:\LITIGATIONS\KRT Asbestos\CHESTERTON\Trial Groups\D C\Sammartino\Removal Letter.doc

**Main Office**

Suite 180
15850 Crabbs Branch Way
Rockville, MD 20855

301/948-1177
301/948-4334 Facsimile



# Gavett and Datt, P.C.
### ATTORNEYS AT LAW

**Virginia Office**

122 South Royal Street
P.O. Box 19140
Alexandria, VA 22320

703/549-9329
*Please reply to Main Office*

Katherine S. Duyer
Licensed in MD, DC
kduyer@gavettdatt.com

June 2, 2008

*Via Facsimile*

Helyna M. Haussler, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive, Suite 500
Beltsville, MD 20705

> **Re:** **Removal of *Armando Sammartino, et ux. v. AC&R Insulation Co., Inc. et al.***

Dear Ms. Haussler:

My firm represents Defendant AC&R Insulation Co., Inc. ("AC&R") in the above-referenced matter. AC&R was served in this case on May 14, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, AC&R joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

GAVETT AND DATT, P.C.

BY _Katherine S. Duyer_
Katherine S. Duyer

KSD/sej

L:\03.000\3-02292\letters\haussler 6-2-08.wpd



June 4, 2008

**<u>VIA ELECTRONIC MAIL ONLY</u>**
Helyna M. Haussler, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive;  Suite 500
Beltsville, Maryland 20705

      **Re:**    **Armando Sammartino, *et ux.* v. AC&R Insulation Co., Inc. *et al.***
              **Superior Court for the District of Columbia**
              **Case No. 2008 CA 003352 A**

Dear Ms. Haussler:

      My firm represents Defendant, Garlock Sealing Technologies, LLC, in the above-referenced matter.  Defendant, Garlock Sealing Technologies, LLC, was served in this case on May 26, 2008.  While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant, Garlock Sealing Technologies, LLC, joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

      Thank you.

                        Very truly yours,

                        THOMAS P. BERNIER

/kte

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



Brendan H. Chandonnet
Associate
202.739.5954
bchandonnet@morganlewis.com

May 30, 2008

Helena M. Haussler, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive;  Suite 500
Beltsville, Maryland 20705

Re:     Removal of Armando Sammartino, et ux. v. AC&R Insulation Co., Inc. et al.,
        Superior Court for the District of Columbia, Case No. 2008 CA 003352 A

Dear Ms. Haussler:

My firm represents Defendant Owens-Illinois, Inc. in the above-referenced matter. Defendant Owens-Illinois, Inc. was served in this case on May 30, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant Owens-Illinois, Inc. joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Sincerely,

Brendan H. Chandonnet, Esq.

1-WA/2983359.1

# VENABLE®LLP

(410) 494-6364      smrichmond@venable.com

June 4, 2008

<u>**VIA E-MAIL**</u>

Helyna M. Haussler, Esquire
Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705

   Re: **Removal of *Armando Sammartino, et ux. v. AC&R Insulation Co., Inc. et al.*,**
      **Superior Court for the District of Columbia,**
      **Case No. 2008 CA 003352 A**

Dear Ms. Haussler:

  My firm represents Defendant Rapid-American Corporation in the above-referenced matter. Defendant Rapid-American was served in this case on May 23, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant Rapid-American joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

  Thank you very much for your attention to this matter.

        Very truly yours,

        Scott M. Richmond



ATTORNEYS AT LAW

SEMMES, BOWEN & SEMMES
A PROFESSIONAL CORPORATION

410.539.5040
www.semmes.com

Scott H. Phillips
*Principal*

Suite 1400
25 South Charles Street
Baltimore, Maryland 21201

410.576.4717
410.539.5223  Fax
sphillips@semmes.com

June 4, 2008

Helyna M. Haussler, Esquire
Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705

      **RE:**    **Removal of *Armando A. Sammartino, et al. v. Noland Company, et al.***
              **In the Superior Court of the District of Columbia**
              **Civil Action No.   2008 CA 003352 A**

Dear Ms. Haussler:

      My firm represents Defendant Noland Company in the above-referenced matter. Defendant Noland Company was served in this case on May 19, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant Noland Company joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

      Thank you very much for your attention to this matter.

                        Very truly yours,

                        Scott H. Phillips /js

SHP/das

## LAW OFFICES OF RICHARD L. FLAX, LLC

▲

Suite 500
29 West Susquehanna Avenue
BALTIMORE, MARYLAND 21204

(410) 561-6451
FACSIMILE (443) 927-8916

RICHARD L. FLAX (MD, DC)
Cell Phone: (410) 303-2309

E-Mail: richard.flax@zgf-law.com

June 4, 2008

Helyna M. Haussler, Esq.
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
11720 Beltsville Drive;  Suite 500
Beltsville, Maryland 20705

Re:  Removal of Armando Sammartino, et ux. v. AC&R Insulation Co., Inc. et al.,
     Superior Court for the District of Columbia, Case No. 2008 CA 003352 A

Dear Ms. Haussler:

My law firm represents Defendant, Walter E. Campbell Company, Inc., in the above-referenced matter. Defendant Walter E. Campbell Company, Inc., was served in this case on May 20, 2008. While reserving all defenses, including those relating to sufficiency of service, process, venue, and personal jurisdiction, Defendant, Walter E. Campbell Company, Inc.,  joins in, and consents to, the removal of the above-referenced case to the United States District Court for the District of Columbia based on both federal enclave jurisdiction and 16 U.S.C. § 457 jurisdiction.

Very truly yours,

/S/ Richard L. Flax

Richard L. Flax