UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Armando Sammartino, et al.,                )<br>                                                              )<br>      Plaintiffs                                        )<br>                                                              )       CIVIL ACTION<br>v.                                                         )       CASE NO.: 1:08-cv-00967<br>                                                              )<br>A C & R Insulation Co., Inc., et al.,       )<br>                                                              )<br>      Defendants                                      )<br>_____ ) | |

**GARLOCK SEALING TECHNOLOGIES LLC'S ANSWER TO ALL COMPLAINTS, AMENDED COMPLAINTS, DEEMED AND FILED CROSS CLAIMS, THIRD PARTY COMPLAINTS, AND/OR FOURTH PARTY COMPLAINTS**

To the extent that it is a party in the above-captioned trial group, Garlock Sealing Technologies LLC (hereinafter "Garlock"), by Segal, McCambridge, Singer, & Mahoney, Ltd, its attorneys, in answer to all complaint(s), amended complaint(s), cross claim(s), third party claim(s) and/or fourth party claim(s) filed, or to be filed, states as follows:

1. Pursuant to Maryland Rule 2-323(d), Garlock generally denies liability to each and every averment set forth under each count of plaintiff's(s') complaint(s), amended complaint(s), cross plaintiff's(s') cross claim(s), third party plaintiff's(s') complaint(s), and/or fourth party plaintiff's(s') complaint(s).

2. Responding to the enumerated paragraphs of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s), Garlock denies each and every allegation.

3. To the extent Garlock has answered plaintiff's(s') complaint(s), Garlock incorporates by reference its Answer(s) in those case(s).

4. Garlock incorporates by reference all other defenses heretofore and hereinafter claimed by all other defendants, cross defendants, third party defendants, and fourth party defendants in this trial group.

5. By filing this answer, Garlock does not admit personal jurisdiction in any case, or waive the requirements of personal jurisdiction, service of process, adequacy of process, and timeliness of service in any case. This answer responds only to those cases in which Garlock has been properly named and served as a defendant, cross defendant, third party defendant, and/or fourth party defendant.

## AFFIRMATIVE AND NEGATIVE DEFENSES

6. This Court is an improper venue for the trial of this matter.

7. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) fail to state a claim upon which relief can be granted.

8. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party compliant(s) are barred by the applicable statute of limitations.

9. All complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) against Garlock are barred by the applicable workers' compensation statute.

10. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) re barred by the applicable statutes of repose.

11. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the doctrine of laches.

12. This Court lacks subject matter jurisdiction.

13. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by contributory negligence.

3

14. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the plaintiff's(s'), third party plaintiff's(s'), and/or fourth party plaintiff's(s') sole negligence.

15. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the doctrine of assumption of risk.

16. Any damages sustained by complaint(s), amended complaint(s), cross claimant(s), third party plaintiff(s), and/or fourth party plaintiff(s) were caused by the negligence, intentional acts or omissions of persons or entities other than Garlock.

17. Any asbestos-containing products distributed and sold by Garlock which gave rise to the claims set forth herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States government or its agencies. The knowledge of the United States government and its agencies of any possible health hazards from use of such products was equal or superior to that of Garlock, and by reason thereof Garlock is entitled to such immunity from liability as exists in favor of the United States government or its agencies.

18. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred or subject to reduction by virtue of principles of release, settlement, or accord and satisfaction.

19. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the doctrines of waiver and estoppel, collateral estoppel, and/or *res judicata*.

20. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the doctrine illegality.

21. The allegations of the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the doctrine of privilege.

22. The plaintiff(s), cross plaintiff(s), third party plaintiff(s) and/or fourth party plaintiff(s) was a/were sophisticated user(s) of the products at issue.

23. Any claim for punitive damages is inappropriate and barred by both the United States and Maryland Constitutions.

24. The complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) fail to join a party in whose absence complete relief cannot be accorded.

25. The plaintiff(s), cross plaintiff(s), third party plaintiff(s) and/or fourth party plaintiff(s) is/are barred from contribution by Garlock by the negligence of those parties.

26. This Court lacks personal jurisdiction over Garlock.

27. This Court is an improper venue for the trial of this matter.

28. The complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) are barred by the doctrine of federal pre-emption.

29. All allegations which have not been previously admitted or denied are hereby denied.

30. Garlock incorporates herein by reference each Defense raised to Answer Plaintiffs' Complaints.

WHEREFORE, for the foregoing reasons, Garlock respectfully requests that this Court:

A. Dismiss the complaint(s), amended complaint(s), cross claim(s), third party complaint(s), and/or fourth party complaint(s) with prejudice;

B. Award Garlock its costs, including attorneys' fees;

C. Award Garlock such other and further relief as this Court deems proper.

Respectfully submitted,

/s/ Thomas P. Bernier
Thomas P. Bernier
D.C. Bar Number 396117
Segal McCambridge Singer & Mahoney, Ltd.
One North Charles Street
Suite 2500
Baltimore, MD  21201
Telephone:  410-779-3960
Facsimile:  410-779-3967

Counsel for Defendant
Garlock Sealing Technologies LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2008 a true and correct copy of the foregoing **Garlock Sealing Technologies LLC's Answer to All Complaints, Amended Complaints, Deemed and Filed Cross Claims, Third Party Complaints, and/or Fourth Party Complaints** was served electronically via the Court's CM/ECF system (or, to the extent such service could not be accomplished because the recipients are not yet registered for electronic service, via first-class U.S. Mail, postage prepaid) to all known counsel.

/s/Thomas P. Bernier
Thomas P. Bernier