UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMANDO A. SAMMARTINO and THERESE SAMMARTINO , <br><br> Plaintiffs, <br><br> v. <br><br> AC&R INSULATION CO., INC., et al., <br><br> Defendants. | * <br> * <br> *    Civil Action No. 08 cv 967 <br> * <br> * <br> * |

*   *   *   *   *   *   *   *   *   *   *   *   *   *

## CERTAINTEED CORPORATION'S
## ANSWER TO COMPLAINT AND ANSWER TO CROSS-CLAIMS

**Defendant, CertainTeed Corporation,** by its attorneys, Robin Silver and Miles & Stockbridge P.C., in answer to the Complaint filed herein against it, states as follows:

1.  Paragraph 1 of the Complaint is denied.

2.  In response to Paragraph 2 of the Complaint, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the plaintiff's time and location of employment. This Defendant denies the remainder of Paragraph 2.

3.  In response to Paragraph 3 of the Complaint, the Answering Defendant incorporates by reference each of its answers to the preceding Paragraphs, and denies the remainder of Paragraph 3 (and its subparts).

4.  Paragraph 4 of the Complaint is denied.

5.  Paragraph 5 of the Complaint is denied.

6.  In response to Paragraph 6 of the Complaint, the Defendant incorporates by reference each of its answers to the preceding Paragraphs, and denies the remainder of Paragraph 6.

7. Paragraph 7 of the Complaint is denied.

8. Paragraph 8 of the Complaint is denied.

9. In response to Paragraph 9 of the Complaint, the Defendant incorporates by reference each of its answers to the preceding Paragraphs, and denies the remainder of Paragraph 9.

10. Paragraph 10 of the Complaint is denied.

11. Paragraph 11 of the Complaint is denied.

12. Paragraph 12 of the Complaint is denied.

13. Paragraph 13 of the Complaint is denied.

14. In response to Paragraph 14 of the Complaint, the Defendant incorporates by reference each of its answers to the preceding Paragraphs, and denies the remainder of Paragraph 14.

15. Paragraph 15 of the Complaint is denied.

16. In response to Paragraph 16, of the Complaint, the Defendant incorporates by reference each of its answers to the preceding Paragraphs.

17. Paragraph 17 is not directed to this Defendant and therefore no response is necessary; however, to the extent a response is necessary it is denied.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 is not directed to this Defendant and therefore no response is necessary; however, to the extent a response is necessary it is denied.

20. Paragraph 20 is not directed to this Defendant and therefore no response is necessary; however, to the extent a response is necessary it is denied.

21. Paragraph 21 is not directed to this Defendant and therefore no response is necessary; however, to the extent a response is necessary it is denied.

22. Paragraph 22 is not directed to this Defendant and therefore no response is necessary; however, to the extent a response is necessary it is denied.

23. In response to Paragraph 23 of the Complaint, the Defendant incorporates by reference each of its answers to the preceding Paragraphs, and is without information or knowledge sufficient to form a belief as to the truth of the legal status of any family members.

24. Paragraph 24 of the Complaint is denied.

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state claims upon which relief may be granted.

**SECOND DEFENSE**

The Defendant generally denies liability and every averment under each count of the Plaintiff's Complaint.

**THIRD DEFENSE**

This Court lacks jurisdiction over the subject matter of this action.

**FOURTH DEFENSE**

Venue is improper for the causes of action set forth in the Complaint.

**FIFTH DEFENSE**

The Plaintiff's purported causes of action against the Defendant are barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

The Plaintiff's purported causes of action against the Defendant are barred by the applicable statutes of repose.

**SEVENTH DEFENSE**

Recovery by the Plaintiff is barred because of the contributory negligence, or the comparative fault, or both, of the Plaintiffs, or of the Plaintiff's spouse, or of the Plaintiff's decedents.

### EIGHTH DEFENSE

Recovery by the Plaintiffs is barred because of the assumption of the risk of the Plaintiffs, the Plaintiff's spouse or of the Plaintiff's decedents.

### NINTH DEFENSE

The Plaintiff's Complaint fails to join parties in whose absence complete and fair relief cannot be accorded.

### TENTH DEFENSE

The Plaintiff's alleged injuries, damages and losses were caused by third persons not parties to this action for whom the Defendant is not responsible.

### ELEVENTH DEFENSE

Punitive damages are not recoverable for the causes of action alleged in the Plaintiff's Complaint.

### TWELFTH DEFENSE

The Defendant did not supply to the employer or employers of the Plaintiffs, of the Plaintiff's spouse or of the Plaintiff's decedents the products alleged to have caused the damages, injuries and losses alleged in the Plaintiff's Complaint.

### THIRTEENTH DEFENSE

The Defendant is entitled to an equitable credit toward any judgment that might be rendered against it for any workmen's compensation payment or awards that might have been made with respect to the alleged asbestos-related injuries or other damages.

### FOURTEENTH DEFENSE

Recovery by the Plaintiffs is barred in whole or in part by the doctrine of laches.

### FIFTEENTH DEFENSE

The Plaintiff waived any warranties expressed or implied by the above-named Defendant.

### SIXTEENTH DEFENSE

The claims of the Plaintiffs are barred because the Plaintiffs, the Plaintiff's employers or both were sophisticated users of the product at issue. Plaintiff's claims are barred because of their continued use of the product(s).

### SEVENTEENTH DEFENSE

The purported causes of action and alleged damages are barred or subject to reduction by virtue of principles of release and/or accord and satisfaction between the Plaintiff herein and others.

### EIGHTEENTH DEFENSE

Recovery for the Plaintiff's alleged damages are limited by the applicable statutory ceilings on recoverable damages.

### NINETEENTH DEFENSE

The Plaintiff or Plaintiffs lacks capacity to sue or authority to sue in a representative capacity or both.

### TWENTIETH DEFENSE

The above-named Defendant will rely upon the defense of express and implied disclaimers and lack of notice and privity.

### TWENTY-FIRST DEFENSE

The state of the scientific and medical knowledge at the time of the alleged injury or damage to this Plaintiff was not sufficient to apprise Defendant of any danger with respect to exposure to asbestos-containing products the Defendant may have sold, distributed, or used.

**TWENTY-SECOND DEFENSE**

The Plaintiff or other purchasers or users of the product(s) affecting the Plaintiff improperly used or misused the product(s).

**TWENTY-THIRD DEFENSE**

The above-named Defendant avers that the product(s) in question were manufactured/distributed/sold and/or installed in accordance with Government specifications.

**TWENTY-FOURTH DEFENSE**

If the Plaintiffs incurred the disease alleged in this Complaint or suffered deterioration in his/her medical condition or otherwise suffered damage, such disease or deterioration or damage did not result from any actions or omissions of the above-named Defendant, but such disease or deterioration or damage, if any, was caused in whole or in part, or was contributed to, by the acts or omissions of persons other than the above-named Defendant, for which acts or omissions the above-named Defendant are not liable.

**TWENTY-FIFTH DEFENSE**

If the Defendant sold the product(s) alleged, then the Defendant is not liable because it sold the product(s) in an unaltered form with no knowledge of the allegedly defective condition, could not have discovered the defect while exercising reasonable care, did not manufacture, produce, design or designate the specifications for the product(s) and not alter, modify, assemble or mishandle the product(s) while the product(s) was in its possession in a manner that was the proximate and substantial cause of the injuries alleged.

6

### TWENTY-SIXTH DEFENSE

Assuming negligence on the part of the above-named Defendant, such negligence was not the proximate cause of the Plaintiff's injuries; rather, Plaintiff's injuries were the result of superseding or intervening causes.

### TWENTY-SEVENTH DEFENSE

Market share liability is not an appropriate or permissible theory of recovery in these cases.

### TWENTY-EIGHTH DEFENSE

The claim for loss of consortium fails to state a claim upon which relief can be granted against this Defendant.

### TWENTY-NINTH DEFENSE

The Defendant avails itself and adopts such defenses as have been arranged by any of the Defendants to this proceeding as may be applicable to the Complaint.

# ANSWER TO CROSS CLAIMS

**Defendant, CertainTeed Corporation,** by its attorneys, Robin Silver and Miles & Stockbridge P.C., in answer to the Cross-Claims filed herein against it by any Cross-Plaintiff states as follows[1]:

1. The Cross-Defendant denies each and every allegation in each count in the Cross-Claims for Indemnification and Contribution filed by any party.

### FIRST DEFENSE

The Cross-Plaintiff's Cross-Claim fails to state claims upon which relief may be granted.

---

[1] Under the long standing case management orders and local practice in Superior Court of the District of Columbia in "asbestos bodily injury litigation," Cross-Claims for contribution are deemed to have been filed by every Defendant against every other Defendant and are likewise deemed properly and fully denied. Because certain Co-Defendants continue filing Cross-Claims, notwithstanding the directives of this Court, this Defendant includes an anticipatory Answer to any and all Cross-Claims for contribution and indemnity.

7

## SECOND DEFENSE

The Cross-Defendant generally denies liability and every averment under each count of the Cross-Plaintiff's Cross-Claim.

## THIRD DEFENSE

This Court lacks jurisdiction over the subject matter of this action.

## FOURTH DEFENSE

Venue is improper for the causes of action set forth in the Cross-Claim.

## FIFTH DEFENSE

The Cross-Plaintiff's purported causes of action against the Cross-Defendant are barred by the applicable statutes of limitations.

## SIXTH DEFENSE

The Cross-Plaintiff's purported causes of action against the Cross-Defendant are barred by the applicable statutes of repose.

## SEVENTH DEFENSE

Recovery by the Cross-Plaintiff for indemnity is barred because of the contributory negligence, or the comparative fault, or both, of the Cross-Plaintiff.

## EIGHTH DEFENSE

Recovery by the Plaintiff is barred because of the assumption of the risk of the Plaintiff, the Plaintiff's spouse or of the Plaintiff's decedents.

## NINTH DEFENSE

The Cross-Plaintiff's Cross-Claim fails to join parties in whose absence complete and fair relief cannot be accorded.

## TENTH DEFENSE

The Plaintiff's alleged injuries, damages and losses were caused by third persons not parties to this action for whom the Cross-Defendant is not responsible.

## ELEVENTH DEFENSE

Punitive damages are not recoverable for the causes of action alleged in the Cross-Plaintiff's Cross-Claim.

## TWELFTH DEFENSE

The Cross-Defendant did not supply to the employer or employers of the Plaintiff, of the Plaintiff's spouse or of the Plaintiff's decedents the products alleged to have caused the damages, injuries and losses alleged in the Cross-Plaintiff's Cross-Claim.

## THIRTEENTH DEFENSE

The Cross-Defendant is entitled to an equitable credit toward any judgment that might be rendered against it for any workmen's compensation payment or awards that might have been made with respect to the alleged asbestos-related injuries or other damages.

## FOURTEENTH DEFENSE

Recovery by the Cross-Plaintiff is barred in whole or in part by the doctrine of laches.

## FIFTEENTH DEFENSE

The Plaintiff waived any warranties expressed or implied by the above-named Cross-Defendant.

## SIXTEENTH DEFENSE

The claims of the Plaintiff are barred because the Plaintiff, the Plaintiff's employers or both were sophisticated users of the product at issue. Plaintiff's claims are barred because of its continued use of the product(s).

## SEVENTEENTH DEFENSE

9

The purported causes of action and alleged damages are barred or subject to reduction by virtue of principles of release and/or accord and satisfaction between the Cross-Plaintiff herein and others.

### EIGHTEENTH DEFENSE

Recovery for the Cross-Plaintiff's alleged damages are limited by the applicable statutory ceilings on recoverable damages.

### NINETEENTH DEFENSE

The Cross-Plaintiff or Cross-Plaintiffs lack capacity to sue or authority to sue in a representative capacity or both.

### TWENTIETH DEFENSE

The above-named Cross-Defendant will rely upon the defense of express and implied disclaimers and lack of notice and privity.

### TWENTY-FIRST DEFENSE

The state of the scientific and medical knowledge at the time of the alleged injury or damage to this Cross-Plaintiff was not sufficient to apprise Cross-Defendant of any danger with respect to exposure to asbestos-containing products the Cross-Defendant may have sold, distributed, or used.

### TWENTY-SECOND DEFENSE

The Plaintiff or other purchasers or users of the product(s) affecting the Plaintiff improperly used or misused the product(s).

### TWENTY-THIRD DEFENSE

The above-named Cross-Defendant avers that the product(s) in question were manufactured/distributed/sold and/or installed in accordance with Government specifications.

### TWENTY-FOURTH DEFENSE

If the Plaintiff incurred the disease alleged in the Cross-Claim or suffered deterioration in his/her medical condition or otherwise suffered damage, such disease or deterioration or damage did not result from any actions or omissions of the above-named Cross-Defendant, but such disease or deterioration or damage, if any, was caused in whole or in part, or was contributed to, by the acts or omissions of persons other than the above-named Cross-Defendant, for which acts or omissions the above-named Cross-Defendant is not liable.

## TWENTY-FIFTH DEFENSE

If the Cross-Defendant sold the product(s) alleged, then the Cross-Defendant is not liable because it sold the product(s) in an unaltered form with no knowledge of the allegedly defective condition, could not have discovered the defect while exercising reasonable care, did not manufacture, produce, design or designate the specifications for the product(s) and not alter, modify, assemble or mishandle the product(s) while the product(s) was in its possession in a manner that was the proximate and substantial cause of the injuries alleged.

## TWENTY-SIXTH DEFENSE

Assuming negligence on the part of any of the above-named Cross-Defendant, such negligence was not the proximate cause of the Plaintiff's injuries; rather, Plaintiff's injuries were the result of superseding or intervening causes.

## TWENTY-SEVENTH DEFENSE

Market share liability is not an appropriate or permissible theory of recovery in these cases.

## TWENTY-EIGHTH DEFENSE

The claim for loss of consortium fails to state a claim upon which relief can be granted against this Cross-Defendant.

## TWENTY-NINTH DEFENSE

The Cross-Defendant avails itself and adopts such defenses as have been arranged by any of the Cross-Defendants to this proceeding as may be applicable to the Cross-Claim.

### THIRTIETH DEFENSE

The Cross-Plaintiff's claim has no foundation and may be subject to Rule 11 sanctions.

### JURY TRIAL REQUEST

The Defendant requests a jury.

**WHEREFORE,** the above-named Defendant prays that the Complaint filed herein against it be dismissed with costs.

/s/ Robin Silver
Robin Silver
D.C. Bar No.  393290
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

**Attorneys for Defendant,
CertainTeed Corporation**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2008, a copy of the foregoing **Answer** was electronically filed and served upon all counsel of record.

/s/ Robin Silver
Robin Silver