UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMANDO A. SAMMARTINO and THERESE SAMMARTINO, his wife, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civil Action No. 08 0967 RJL <br> : <br> : |
| AC&R INSULATION CO., INC., et al., | : <br> : |
| Defendants. | : <br> : |

**REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND**

Plaintiffs, by and through undersigned counsel, submit this Reply to Defendant's Opposition to their motion to remand this case to the Superior Court for the District of Columbia and state as follows.

**INTRODUCTION**

Krafft-Murphy offers no meaningful counter to the deficiencies in its Notice of Removal identified in Plaintiffs' Motion to Remand. Initially, the unanimity requirement remains unsatisfied despite Krafft-Murphy's effort to correct this deficiency by supplying the Court with belated affidavits. Additionally, this Court needs look no further than the Complaint, consistent with the well-pleaded complaint rule, in order to summarily remand this case to the Superior Court. Finally, Krafft-Murphy has not carried its substantive burden in demonstrating that federal enclave jurisdiction applies, let alone, merits removal.

**ARGUMENT**

    I.    **Unanimity**

In its brief, Krafft-Murphy asserts:

> While not required by any federal law regarding removal and the removal of unanimity [sic], various defense counsel have executed affidavits indicating their clients' understanding that defense counsel not barred in the United States District Court for the District of Columbia had the authority to act on their client's behalf and consent to removal in this cases [sic].

Opp. at 14, n. 5. As an initial matter, the newly-minted affidavits attached to Krafft-Murphy's Opposition have arrived too late for this Court's consideration. *Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 437 (S.D.N.Y. 2006) ("failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely."); *Ford v. New United Motors Manuf.,Inc.,* 857 F.Supp. 707, 708 (N.D. Cal. 1994) ("failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective.").

Additionally, it is unclear why Krafft-Murphy argues that these "corrective" affidavits are not required by federal law. The affidavits are obviously submitted in order to comply with Rule 11 as well as this Court's Local Civil Rule 5.1. *Jackson v. Beard*, 828 F.2d 1077, 1078-80 (4th Cir. 1987) (local rules have the force and effect of law and are binding upon the parties and the court which promulgated them).

    II.    **The Well-Pleaded Complaint Rule**

        A.    **Plaintiffs' Complaint was Properly Pled**

Krafft-Murphy asserts in its Opposition that the Court should look beyond the text of the Complaint to determine if remand is appropriate because Plaintiffs "artfully pleaded" by omitting "essential" issues. (Opp. at 23-24). Krafft-Murphy argues –

2

without citing any supporting authority – that the Complaint was improperly pled because it failed to list specific job sites at which exposure to asbestos is alleged and time frames for such sites. (Opp. at 24). Defendant's assertion fails for two primary reasons: (1) the Complaint was properly pled under the applicable rules; and (2) the "artful-pleading doctrine" does not apply in this case.

Krafft-Murphy claims that because the Complaint did not specify locations of alleged asbestos exposure and time frames for specific locations, "Defendant was not fairly put on notice of such allegations. As such, Plaintiffs' Complaint would constitute an improperly pleaded complaint." (Opp. at 24). While correct that Plaintiffs' Complaint did not list specific job sites, Krafft-Murphy's argument is wide of the mark in suggesting that the District of Columbia Superior Court Rules require such a level of specificity at the pleading stage. Indeed, Plaintiffs' Complaint met all requirements of a proper pleading under the Rules.

The District of Columbia, like Federal Courts, is a notice pleading jurisdiction. *Sarete, Inc. v. 1344 U Street Ltd. P'ship*, 871 A.2d 480, 497 (D.C. 2005). Under Superior Court Civil Rule 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8(e) directs, "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." A complaint meets this requirement "so long as it fairly puts the defendant on notice of the claim against him." *Id*.

An example of sufficient notice pleading includes simply stating, "I was turned down for a job because of my race" for an employment discrimination claim. *Sparrow v.*

3

*United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000).[1]  In the instant case, the Complaint states that Plaintiff "was employed as a plumber from approximately 1948 to 1986, working primarily in and around the District of Columbia at jobsites where he was exposed to [Defendants'] asbestos products." (Comp. at p.3).[2]  The Complaint goes on to allege, "plaintiff's development of mesothelioma . . . was a direct and proximate result of the negligence of defendants named herein in their design, manufacture, inspection, production, testing, distribution, specification, supply, and/or installation and labeling of asbestos-containing materials and products . . . ." *Id*.  The *Sparrow* example suggests that simply stating, "Plaintiff was injured because of Defendants' negligent supply of asbestos-products," would suffice under the pleading requirements.  Instead, the 10-page Complaint in this case offers substantially more detail, easily meeting the standards of Rule 8(a)(2).

Krafft-Murphy correctly describes the necessary elements for ultimately proving causation in an asbestos-related personal injury case—"proximity to a product manufactured, distributed or sold by a particular defendant, at a particular place and time"—and also points out, "notice of Plaintiffs' allegations [of time and place of exposure] is essential for Defendant to prepare a full and fair defense in this matter."

---

[1] S.C.R.-Civ. 8(a)(2) and FED. R. CIV. P. 8(a)(2) contain near-identical language.  District of Columbia courts have repeatedly held that when a federal rule and a local rule contain the same language, "[the D.C. courts] will look to federal court decisions interpreting the federal rule as persuasive authority in interpreting the local rule." *Peddlers Square, Inc. v. Scheuermann*, 766 A.2d 551, 556 n.4 (D.C. 2001) (citation omitted).

[2] Although not required, the Complaint identifies the time period (1948-1986) and general location (in and around the District of Columbia) of Plaintiff's exposure to asbestos.  *See Matthew v. U.S.*, 452 F.Supp.2d 433, 446 (S.D.N.Y. 2006) ("Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when they are actually interposed."); 5A C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1309 (3d ed. 2004) (same); *see also Wade v. Washington Metro. Area Transit Auth.*, 2005 WL 1513137, *2 (D.D.C. 2005) (The Rules "contemplate liberal notice pleading by the parties, and accordingly do not require a party to plead time and place with particularity." (citing *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537, 1539 (S.D.Fla. 1989)).

4

(Opp. at 25). This line of argument has bearing on the discovery phase of the case and ultimately the claim's disposition either at the summary judgment level or at trial. However, at the pleading stage, "[f]actual detail is unnecessary" and "[c]omplaints need not plead law or match facts to every element of a legal theory." *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1086 (D.C. Cir. 1998) ("[A] plaintiff need not allege all the facts necessary to prove its claim."); *Atchinson v. District of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir. 1996) ("A complaint . . . need not allege all that a plaintiff must eventually prove . . . ."). The three cases Krafft-Murphy cites to on this issue in the Opposition, (Opp. at 24-25), deal with later stages of litigation – post discovery – when sufficiency of evidence is at issue. *Weakley v. Burnham Corp.*, 871 A.2d 1167 (D.C. 2005) (reviewing entry of summary judgment); *Bragg v. Owens-Corning Fiberglas Corp.*, 734 A.2d 643 (D.C. 1999) (reviewing entry of judgment on jury verdict); *Claytor v. Owens-Corning Fiberglas Corp.*, 662 A.2d 1374 (D.C. 1995) (reviewing entry of summary judgment). Proof of causation may be required to defeat summary judgment or to prevail at trial, but it is not required at the pleading stage. As discussed above, a complaint need only provide a "short and plain statement of the claim." Similarly, while Defendants will require access to evidence related to causation and exposure to defend the case on the merits, the proper time for disclosure of such material is during discovery.

       Plaintiffs' Complaint is well-pleaded under the Rules of this Court and those of the Superior Court and, accordingly, remand is warranted.

### B.     The "Artful-Pleading Doctrine" Does Not Apply in this Case

The "artful-pleading doctrine" instructs that a Plaintiff may not defeat federal-subject matter jurisdiction by "artfully" wording a complaint to only include state claims when, in essence, the claims are based on federal law. *US Airways Master Executive, Council, Air Line Pilots Assoc., Int'l v. America West Master Executive Council*, 525 F.Supp.2d 127, 133 (D.D.C. 2007). Under the doctrine, a defendant may remove a case to federal court in two categories of cases.[3]

First, a case may be removed if a federal statute "completely preempts" a state law claim. *US Airways,* 525 F.Supp.2d at 133. Under the "complete preemption" doctrine, "the preemptive force of a [federal] statute can be so 'extraordinary' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Complete preemption should not be confused with "ordinary preemption" where a federal-law defense is raised to allegations made in a state-law complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court has expressed reluctance to find complete preemption in federal statutes. *Metro. Life*, 481 U.S. at 65. In fact, as described in Plaintiffs' Memorandum in support of remand, the Supreme Court has only found three statutes which completely preempt state law. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003) (National Bank Act); *Metro. Life*, 481 U.S. at 66-67 (Employee Retirement Income Security Act § 502(a)); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 560 (1968) (Labor Management Relations Act § 301). Clearly, none of these apply here.

---

[3] A third category exists involving federal claim preclusion, or res judicata, and may only be applicable under limited factual circumstances not relevant to this case. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981).

Second, a case may be removed if the complaint raises a federal question that is necessary to the resolution of the state claim asserted. *See Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 272 n.4 (2d Cir. 2005).[4] "[T]he artful-pleading doctrine has been relied upon to support federal-court jurisdiction where complete preemption did not apply, but where a plaintiff's state-law contract claims were construed as asserting rights arising only under federal [law]." *Id.* (citing *Marcus v. AT&T Corp.*, 138 F.3d 46, 55-56 (2d Cir. 1998)); *see also Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987) ("Although the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim.").

This Court has recognized that a state cause of action can provide the basis for federal removal jurisdiction where the removing party satisfies a two-pronged test: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2)

---

[4] It should be noted that disagreement exists over the actual scope of the "artful pleading" doctrine. In *Rivet v. Regions Bank of Louisiana,* Justice Ginsburg wrote for the Court:

> Allied as an "independent corollary" to the well-pleaded complaint rule is the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.

522 U.S. 470, 475 (1998) (internal citation omitted). The Court's omission of any reference to the federal question category of cases fueled speculation that "artful pleading" may be limited to only cases of "complete preemption." *See Sullivan*, 424 F.3d at 272 n.4 (questioning, but not deciding, whether doctrine extends beyond complete preemption). Some courts have gone so far as to flatly reject the inclusion of any grounds beyond "complete preemption." *M. Nahas & Co., Inc. v. First Nat. Bank of Hot Springs*, 930 F.2d 608 (8th Cir.1991) (the artful-pleading doctrine is a "narrow exception [to the well-pleaded complaint rule], limited to federal statutes that 'so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal'") (quoting *Metro. Life*, 481 U.S. at 65); *Waste Control Specialists, LLC v. Envirocare of Texas, Inc*., 199 F.3d 781, 783-84 (5th Cir. 2000) ("Without complete preemption, the artful pleading doctrine does not apply."). Regardless of whether or not federal question cases still fall within the artful pleading doctrine, the Complaint in this case is well-pleaded under both categories of the doctrine.

that the question of federal law is substantial." *Int'l Union of Bricklayers and Allied Craftworkers v. Insurance Co. of the West*, 366 F.Supp.2d 33, 37 (D.D.C. 2005) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc)). Here, Krafft-Murphy cannot satisfy either prong.

As set out in Plaintiffs' moving papers, the claims asserted here sound in negligence, strict liability and breach of implied warranty. Plaintiffs' right to relief under these product liability claims does not *necessarily* depend on a question of federal law. Proof of this is amply demonstrated by the fact that identical asbestos product liability cases are routinely adjudicated in the Superior Court relying entirely on non-federal, District of Columbia common law principles as noted by the very cases cited by Defendant. *See, e.g., Weakley v. Burnham Corp.*, 871 A.2d 1167 (D.C. 2005) (relying on District of Columbia common law to address plaintiff's claims of negligence, failure to warn, and strict liability.); *Bragg v. Owens-Corning Fiberglas Corp.*, 734 A.2d 643 (D.C. 1999) (reviewing entry of judgment on jury verdict by applying District of Columbia common law principles in asbestos product liability claims). By way of further example, Plaintiffs' right to relief under their negligence claim depends upon a showing of: (1) a duty of care owed to Plaintiffs by Defendant; (2) a breach of that duty; and (3) harm to Plaintiffs as a proximate result of the breach. *Souci v. William C. Smith & Co.*, 763 A.2d 96, 99 (D.C. 2000). A question about federal enclave jurisdiction is not an element of a negligence claim at all, let alone a "necessary element." Failure to satisfy the first prong of the test set forth in *Int'l Union of Bricklayers and Allied Craftworkers* mandates remand.

Similarly, this case involves no substantial federal question. *Int'l Union of Bricklayers and Allied Craftworkers*, 366 F.Supp.2d at 37. The rights and duties sought to be enforced against Defendants derive from District of Columbia common law, and no construction of a federal statute is at issue on the merits. *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 571 (2d Cir. 1995). To the extent that federal enclave jurisdiction is an issue in this case—as raised by Defendants in the Notice of Removal—it exists purely as a procedural matter of jurisdiction, and in no way will substantively impact the resolution of the merits in this case. Whether this case is tried in D.C. Superior Court or in a Federal Court, the applicable substantive law will be that of the District of Columbia, and the case will not turn on any federal issue.

As neither the complete preemption nor federal question categories of the artful pleading doctrine apply to the Complaint in this case, Defendant's attempt to circumvent the well-pleaded complaint rule fails.

**III.   Alleged Federal Enclave Jurisdiction Does Not Support Removal**

Whereas the Complaint was properly pleaded as prescribed by the rules and is not within the scope of the artful pleading doctrine, remand in this case is appropriate. However, even if Plaintiff's Work History Chart is included in this analysis—as argued by Defendant—remand remains appropriate because the Chart contains insufficient evidence of exposure on federal enclaves to trump Plaintiffs' prerogative as master of their Complaint.

Defendant contends "[e]ach and every federal enclave site listed on the Work History Chart, and discussed during Plaintiff's deposition, in and of themselves [sic], provide the basis for removal." (Opp. at 26). This idea is repeated multiple times. (Opp.

9

at 27) ("even one federal enclave site where exposure to asbestos may be at issue serves as a basis for removal") (Opp. at 29) ("due to medical causation issues essential to the litigation of an asbestos-related claim, demonstrating that Plaintiff Sammartino was potentially exposed to asbestos at even one federal enclave job site is sufficient grounds for removal"). No authority is cited for any of these statements. The argument, as described and applied by Defendant, comes up short on two grounds. First, the validity of the legal rule is dubious at best, and certainly does not apply as stringently as suggested in the Opposition. Second, even if the proffered legal rule is accepted, the facts of this case do not support removal under the rule's reasoning.

Defendants conclude their discussion of this single enclave-exposure argument by citing *Anderson v. Crown Cork & Seal*, 93 F.Supp.2d 697, 702 (E.D.Va. 2000) as avowing "had [Plaintiff's] exposure occurred as a result of his employment at the shipyard [an enclave], the result would have been to deny plaintiff's motion to remand." (Opp. at 30). A careful reading of *Anderson* finds no statement to such an effect, or any clear indication thereof. In fact, the *Anderson* court quotes *Akin v. Big Three Indus., Inc.*, 851 F.Supp. 819, 825 (E.D.Tex. 1994), as saying "[had] some of the exposure occurred off-base [an enclave], the defendants' burden of establishing enclave jurisdiction would have been heavier . . . [w]hen exposures allegedly occur partially inside and partially outside the boundaries of an enclave, an argument would surface that the state's interest increases proportionally, while the federal interest decreases." *See also* 28 U.S.C.A. § 1441 Commentary on 1988 and 1990 Revisions (based on statute's wording that a District Court "may 'remand all matters in which State law predominates' . . . [i]f the federal court finds that the federal claim, while plausible, is not really the plaintiff's main

10

mission, that it is only an incident or adjunct of the state claim, and that the state claim is the crux of the action, the federal court can remand all claims in which it finds that state law 'predominates'"). Under this theory, *de minimis* exposure to asbestos on a federal enclave, relative to exposure at other sites, would create an extremely heavy burden for a Defendant seeking to prove federal enclave jurisdiction, and would imply a very strong state interest in the litigation vis-à-vis a federal interest. It certainly does not suggest that exposure (or potential exposure) at any single federal enclave job site, as part of a long list of non-enclave job sites, necessarily supports removal. It is undisputed that the great majority of job sites (if not all job sites) at which Plaintiff was exposed to asbestos were not federal enclaves.

Even if exposure at a single enclave job site suffices for removal—which the above-mentioned law contradicts—Defendant's proffered evidence of such exposure in this case is lacking. The Memorandum of Law in Support of Motion for Remand lays out in detail how neither the Work History Chart, nor Plaintiff's deposition testimony, provide any actual evidence of exposure at a federal enclave job site. (Memo. at 12-17). No need exists to wade through that entire issue for a second time, except to say that once again Defendant's cart is found ahead of its horse in purporting to require a level of evidentiary detail at the pleading stage of this litigation that is properly found in the later, discovery stage.

Defendant attempts to account for the lack of actual evidence—in the Chart or elsewhere—of Plaintiff's exposure to asbestos at an enclave site, by giving the proffered rule a much more expansive application. The Opposition states that the lack of evidence in the Chart and Plaintiff's deposition testimony supporting exposure at enclave sites

actually supports removal "by leaving open the *potential for subsequent evidence of alleged asbestos exposure* at these federal enclave job sites." (Opp. at 28) (emphasis added). Instead, only "potential alleged asbestos exposure" is required, which apparently exists unless Plaintiff provides an indication that he "will not be alleging potential exposure to asbestos at each site." (Opp. at 27) (emphasis in original). In other words, under Krafft-Murphy's theory, actual evidence of exposure on an enclave site is not needed for removal. In fact, neither are actual allegations of exposure on an enclave, only "potential" allegations.

    First, no authority is offered to support a jump down this doctrinal rabbit-hole. Available case law suggests that express statements in a pleading or actual evidence of exposure (as opposed to an absence of evidence or, perhaps, "un-evidence") would be required to support removal if the rule exists as proffered. *Akin*, 851 F.Supp. at 821 (finding enclave jurisdiction where Plaintiff alleges, in the Complaint, exposure to toxins on an Air Force base); *Anderson*, 93 F.Supp.2d 697 (absent any evidence showing exposure to asbestos on an enclave, the court refuses to give weight to an unsubstantiated possibility that such exposure actually occurred). Next, Defendant's argument has extremely wide-ranging implications, if true. Based on the proffered reasoning, any Plaintiff alleging asbestos-exposure, or any other toxic tort, who has ever stepped foot on a federal enclave (for example, during a tour of the U.S. Capitol Building, a visit to one of the Smithsonian Museums, or to view an air show on a military base) would have to formally stipulate that no exposure to the toxins in question occurred on those enclaves. Otherwise, the argument goes, their case would be removable to federal court because of the "potential alleged" exposure at those sites which is presumed to have occurred for

purposes of removal absent an "indication" to the contrary.  Though it is a beneficial argument for Defendant in seeking removal of this action, the legal scheme described would allow for absurd results.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiffs' Motion to Remand, Plaintiffs respectfully request that this Court remand this case to the Superior Court for the District of Columbia.

Respectfully submitted,

*/s/ Daniel A. Brown*
Daniel A. Brown
DC Bar No. 444772
BROWN & GOULD, LLP
7700 Old Georgetown Road, Suite 500
Bethesda, Maryland 20814
Tel: (301) 718-4548
Fax: (301) 718-8037
dbrown@brownandgould.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2008, a true and correct copy of the foregoing Motion to Remand was served electronically via the Court's CM/ECF system (or, to the extent such service could not be accomplished because the recipients have not yet registered for e-service, via first class U.S. mail, postage prepaid) to all counsel of record.

*/s/ Daniel A. Brown*
Daniel A. Brown