UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARMANDO A. SAMMARTINO and THERESE SAMMARTINO, his wife, | : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 08 0967 RJL |
| | : : |
| AC&R INSULATION CO., INC., et al., | : : |
| Defendants. | : : |

**MOTION TO EXPEDITE CONSIDERATION
OF PLAINTIFFS' MOTION TO REMAND**

Plaintiff Therese Sammartino, by undersigned counsel, hereby moves for Expedited Consideration of Plaintiffs' Motion to Remand. While fully aware of the court's extensive docket, the purpose of this motion is to preserve the ability of this action to be rightfully decided on its merits by the appropriate court before any potential transfer of the case to the Multidistrict Litigation.

**I.       Procedural Background**

Plaintiffs originally filed this action in the Superior Court of the District of Columbia on May 1, 2008. On or about June 5, 2008, Defendant Krafft-Murphy removed the case to this Court, citing federal enclave jurisdiction as the basis for removal. Thereafter, on July 7, 2008, Plaintiffs filed a motion to remand which lays out the facial and substantive defects with Defendant's removal of this case. An Opposition to the Motion to Remand was filed by Krafft-Murphy on July 17, and Plaintiffs replied on July 25. Thus, the matter has been fully briefed and is ripe for resolution.

On June 12, 2008, this case was identified as a potential tag-along action to Multidistrict Litigation ("MDL") No. 875. Subsequently, on July 21, the Panel on Multidistrict Litigation issued a Conditional Transfer Order ("CTO"), which sets forth the potential transfer of the case to the MDL No. 875. Any transfer of the case is stayed pending an opportunity for Plaintiff to oppose the transfer. Plaintiff will timely file her Notice of Opposition to the CTO by August 5. According to the MDL rules on briefing schedules, the CTO may then take effect as early as September 15, 2008.[1] Thus, the clock is ticking for this Court to act on Plaintiffs' Motion to Remand, lest this case be lost to the proverbial "black hole" in Philadelphia.

Mr. Sammartino died of mesothelioma on July 29, 2008. A Suggestion of Death was filed with the court on July 30.[2] His widow, Therese Sammartino, deserves to have her day in court. Applicable law, as well as public policy considerations, support remand to the Superior Court. In addition, the particular circumstances of this case present a need for expedited consideration to effect a potential remand.

**II.     Points and Authorities**

    **A.     28 U.S.C. § 1446(c)(4)**

Having obtained alleged jurisdiction of this case *via* the filing of a notice of removal, this court has an independent obligation to promptly examine the notice separate from any such analysis that may occur in the future, should the case transfer to the MDL. Specifically, the relevant statute provides that, upon the filing of a notice of removal, "[t]he United States district court in which such notice is filed *shall* examine the

---

[1] The JUDICIAL PANEL ON MULTIDISTRICT LITIGATION RULES OF PROCEDURE 7.2 and 7.4, instruct: the party opposing transfer must file a motion to vacate within 15 days of filing the notice of opposition (Rule 7.4(d)); all other parties then have 20 days to file a response thereto (Rule 7.2(c)); the movant may then file a reply within 5 days after the response deadline (Rule 7.2(d)).
[2] A motion to substitute will be filed as soon as the letters of administration issue.

notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). As described in the Motion for Remand and the Reply in support thereof, Defendant's Notice of Removal (and exhibits annexed thereto) clearly contains deficiencies on its face. Specifically, the Notice does not satisfy the rule on unanimity, and it relies on supporting evidence that lies outside the appropriate and oft-recognized limits of the well-pleaded complaint rule. Accordingly, § 1446(c)(4) necessitates an order for summary remand in this case.

As noted above, the Panel on Multidistrict Litigation issued a CTO regarding this case. Issuance of the CTO begins a period of limited duration after which the case—absent a ruling on the Motion to Remand—will likely be transferred to the MDL in the Eastern District of Pennsylvania, where it will join a years-long backlog of cases.[3]

### B. Just, Speedy and Inexpensive Resolution on the Merits

This Circuit has recognized that, "[i]t is no accident that the first Federal Rule of Civil Procedure proclaims that the purpose of the Rules is 'to secure the just, speedy and inexpensive determination of every action.'" *Brees v. Hampton*, 877 F.2d 111, 121 (D.C.Cir.1989) (quoting FED.R.CIV.P. 1). Prompt consideration of the Motion to

---

[3] Federal Courts have noted a common practice among defendants in asbestos cases to exploit the MDL's lengthy backlog by attempting removal of cases from state courts. *See, e.g., Rosamond v. Garlock Sealing Techs., Inc.*, 2004 WL 943924 (N.D.Miss., Apr. 5, 2004), stating:

> The court is also aware that asbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time. While the desire of defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals.

*Id.* at *4.

Remand—before this case becomes all but lost in the MDL—is required to insure the "just, speedy and inexpensive determination" of this action.

As described in Plaintiffs' Motion to Remand, the District of Columbia, like the federal courts, embraces "notice" pleading.  The Supreme Court has declared that the liberal pleading system "was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).  Defendants, in their quest for removal, cite facts and allegations not found anywhere on the face of the Complaint.  Such an attempt at removal of a case, and its subsequent transfer to the MDL, undercuts the objective, as described in *Swierkiewicz*, *supra*, of allowing cases to be decided on the merits.  *Accord Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

This case should not be prevented from reaching a decision on the merits merely because of Defendants' self-serving interpretation of an objectively well-pleaded Complaint.  Transfer to the MDL in Philadelphia will run directly counter to the purpose of the Federal Rules as it will result in added expense and protracted delay of this case.  A decision on remand prior to transfer to the MDL will prevent any such miscarriage of justice.

WHEREFORE, for the foregoing reasons, Plaintiffs request Expedited Consideration of the Motion for Remand.

>*/s/ Daniel A. Brown*
>Daniel A. Brown
>DC Bar No. 444772
>BROWN & GOULD, LLP
>7700 Old Georgetown Road, Suite 500
>Bethesda, Maryland 20814
>Tel: (301) 718-4548
>Fax: (301) 718-8037
>dbrown@brownandgould.com
>Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2008, a true and correct copy of the foregoing Motion to Expedite Consideration of Plaintiffs' Motion to Remand was served electronically via the Court's CM/ECF system (or, to the extent such service could not be accomplished because the recipients have not yet registered for e-service, via first class U.S. mail, postage prepaid) to all counsel of record.

>*/s/ Daniel A. Brown*
>Daniel A. Brown